## ALVAN TAYLOR *v.* IRA DAY.

In an action on the case for negligence, the most general statement of the cause of action, if sufficient to put the defendant on his defence, is sufficient after verdict.

The obligation of a stage proprietor, in regard to carrying passengers safely, has respect to the team, the load, the state of the road, as well as the manner of driving; therefore, where a declaration in case alledged that it was the duty of the defendant, being a stage proprietor, to use due and proper care in carrying passengers, and that he had not used such care, evidence in reference to each of the points above mentioned was held admissible.

Admitting evidence, in such case, to show that it was unsafe to drive six horses, although it might seem useless, or idle, is no ground for granting a new trial, unless it be clearly shown, either that it did mislead the jury, or might have done so.

TRESPASS ON THE CASE. The declaration contained two counts, the second of which alleged that " the defendant was owner of a certain common stage coach, for the carriage and conveyance of passengers from Montpelier, in the County of Washington, to Randolph, in the County of Orange, for hire and reward," &c; that the

plaintiff's daughter, Sarah Taylor, took passage in said coach from Montpelier to Randolph; and that "thereupon then and there it became and was the duty of the defendant to use due and proper care that the said Sarah Taylor should be safely and securely carried and conveyed by said coach from Montpelier aforesaid to Randolph aforesaid; yet the defendant, not regarding his duty, did not use due and proper care that the said Sarah should be safely and securely carried and conveyed by said coach from Montpelier aforesaid to Randolph aforesaid, but wholly neglected so to do;" and that the coach was overturned, and the plaintiff's daughter greatly injured. In the first count the defendant's duty and liability were alledged in nearly the same terms. The defendant pleaded the general issue; trial by jury.

On trial, the plaintiff, among other testimony tending to sustain his right of recovery, gave evidence tending to prove that the coach was overturned by reason of the negligence and carelessness of the driver, in not skilfully and prudently driving and controlling his team; and also, to show want of care and diligence on the part of the defendant, and to show the necessity of greater care on the part of the driver in managing and controlling the team, offered testimony tending to prove that the coach was unreasonably overloaded with passengers and baggage, that the team was unsafe, on account of the skittishness of the horses, and that it was unsafe and imprudent to drive six horses. To the admission of this testimony the defendant objected, but the court overruled the objection; to which the defendant excepted.

The jury returned a verdict for the plaintiff. After verdict the defendant filed a motion in arrest of judgment for the insufficiency of the plaintiff's declaration; but the court overruled the motion, and rendered judgment for the plaintiff; to which the defendant also excepted.

*L. B. Peck* for defendant.

1. The plaintiff placed his right to recover on the ground that the injury arose from the negligence and carelessness of the driver. This was the ground assumed both in the writ and by the proof on trial. The evidence, therefore, to show that the coach was overloaded,—that the team was unsafe,—and that it was imprudent to

drive six horses, it is insisted, was improperly admitted ;—it was not pertinent to the issue. To render this evidence admissible, the declaration should have counted on allegations of this character ; but when it contained no such charge, it is not to be supposed that the defendant would come prepared to meet such proof.

2. The second count is bad. It is in form and substance a count in assumpsit, the gist of which is, that it was the *duty* of the defendant to safely convey the plaintiff's daughter, &c., and that he did not safely convey her, but that the coach was overturned, &c. For aught that appears in this count, the accident that occasioned the injury may have been entirely the result of an unavoidable accident. If the defendant was guilty of *negligence* he would be liable for the injury ;—otherwise not,—as stage proprietors are not insurers. The plaintiff should have charged the defendant with negligence and want of care in the count.

*O. H. Smith*, for plaintiff.

The plaintiff insists that the evidence objected to by the defendant was properly admitted. The declaration charges that the daughter of the plaintiff, at the request of the defendant, became and was a passenger in the defendant's stage coach, to be safely and securely conveyed thereby from Montpelier to Randolph, for a certain fare, and thereupon that it became the duty of the defendant to use due and proper care, that the plaintiff's said daughter should be safely and securely carried from said Montpelier to said Randolph, and alledging, as a breach of the defendant's duty, that he did not use due and proper care, but wholly neglected so to do. The testimony, to the admission of which the defendant objected, shows the attendant circumstances, and has a tendency to show the want of due and proper care.

The opinion of the court was delivered by

Redfield, J. Two questions are made in the present case. 1. Is the declaration sufficient on motion in arrest ? It is very general, both in regard to the description of the negligence, and the stating the obligation resulting from the defendant's business. It would, however, seem to be sufficient to put the defendant on his defence,— at all events, after verdict. It is not in assumpsit, as contended,

but in case, I apprehend, and is an exact copy of one of Chitty's precedents, which is in common use.

The second question is one of variance merely. The allegations in the declaration are, that it was the duty of the defendant to use due and proper care that the plaintiff's daughter should be safely and securely carried; yet that the defendant did not use due and proper care, &c.,—negativing the former allegation,—but wholly neglected so to do,—stating that thereby the coach was overturned.

The testimony objected to and admitted, to which decision the defendant excepts, was, that the coach was overloaded, that the team was unsafe and timid, and that it was unsafe to drive six horses. We do not perceive why this does not come fairly within the issue. The due and proper care, which it is alleged the defendant was bound to exercise, in order that the plaintiff's daughter should be safely conveyed, had reference naturally to the entire travelling arrangements,—horses, coaches, load, &c.,—as well as to the driving.

How it could be shown that it was unsafe to drive six horses, it is not easy to conjecture. But testimony admitted for that purpose would at most be useless and idle; and if a jury should presume to decide, even, that on a given day, and upon a particular road, it was positively unsafe to drive six horses attached to a stage coach, I do not well perceive how their verdict could be evaded, unless by establishing some new rule of trial, or by detailing the entire evidence in the case *verbatim,* so that the court could say that there was *no* evidence tending to such a result. I am not prepared to say that it could be determined, as a question of law, that any given proposition, which was one of fact, however absurd, was incapable of proof, unless it were a simple proposition, contrary to the laws of nature.                    Judgment affirmed.