MINA L. SEELEY *v.* CENTRAL VERMONT RAILWAY COMPANY.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON AND TAYLOR, JJ.

Opinion filed October 14, 1914.

*Witnesses—Cross-examination—Exclusion of Evidence—Necessity of Offer—Declarations—Pain—Opinion Evidence— Carriers—Injury to Passenger—Declaration—Sufficiency— Damages—Relevancy of Evidence—Misconduct of Counsel— Argument—Inference from Evidence—Withdrawal—Cure by Court—Requested Instructions—Exceptions—Contributory Negligence.*

It is not error to limit cross-examination by the scope of the direct examination.

When a question asked on cross-examination was outside the scope of the direct examination, and there was no offer, and the case does

not show that the testimony sought to be elicited was material to any issue as the case then stood, the exclusion of the question was doubly warranted.

Complaints of present agony or anguish, regardless of to whom made, are admissible in evidence whenever those feelings, or the nature of the declarant's malady, are material to be proved.

In a passenger's action for negligence while alighting from a train, owing to its claimed sudden starting while she was still on the car platform, testimony that the train stopped at the station "not over 45 seconds" was admissible to corroborate her testimony, regardless of whether the declaration charged negligence in failing to stop long enough to give her a reasonable opportunity to alight.

A declaration for injuries to a passenger while alighting from a train, alleging that the train stopped at the station where plaintiff desired to alight, and plaintiff "at once" carefully attempted to get off, but that defendant negligently started the train suddenly before plaintiff had safely alighted, whereby she was, while exercising due care, thrown from the car platform to the ground, charges negligence in failing to stop the train long enough for plaintiff to alight sufficiently to put defendant on its defence in that respect, and so is good as against its motion for a directed verdict.

Exceptions not briefed by the exceptor are waived.

A hypothetical question asked an expert witness may assume any fact that there is any evidence tending to establish.

In a passenger's action for injuries that plaintiff's evidence tended to show caused her to have hemorrhage of the lungs, defendant's offer to show by a witness that the witness frequently had hemorrhages from the teeth and gums more severe than plaintiff's claimed hemorrhages was irrelevant and properly excluded.

In a passenger's action for injuries while alighting from a train, owing to its alleged sudden starting while she was still on the car platform, the remark by plaintiff's counsel in argument that the conductor had forgotten about having a passenger for that station, which inference was warranted by the evidence, was not objectionable as claiming that the conductor's failure to remember that fact was negligence on the part of the defendant.

The statement by plaintiff's counsel in argument that the conductor must have known that plaintiff was to get off at the station where she was injured was justified by the evidence that he took plaintiff's ticket for that station; that she was the only passenger there-

for; and that she had frequently before taken passage on his train for that station.

Where plaintiff's counsel stated in his argument that it was the duty of the conductor to help plaintiff alight from the train, but, on objection immediately withdrew the statement, and the court gave an instruction thereon satisfactory to defendant, any harm was cured.

Where defendant submitted nine requested instructions, some of which were complied with, an exception "to the refusal to charge as requested in the several requests wherein the same are not complied with" is too general to reserve any question.

Where defendant's motion for a directed verdict was not based on contributory negligence, and there was neither a requested instruction that plaintiff was negligent, as matter of law, nor a motion to set aside the verdict as against the law and the evidence, the question of plaintiff's negligence, as matter of law, was not reserved for review.

CASE for negligence. Plea, the general issue. Trial by jury at the March Term, 1913, Chittenden County, *Waterman, J.*, presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*C. W. Witters, Harry B. Amey,* and *C. S. Palmer* for the defendant.

That it is negligence *per se* to alight from a moving train is held by most of courts of last resort in this country. *Mearns v. Central R. R. Co.,* 163 N. Y. 108; *Brown v. N. Y. N. H. & H. R. R. Co.,* 181 Mass. 365; *Werbowlsky v. Fort Wayne etc. Co.,* 86 Mich. 239; *Newlin v. Iowa etc. Co.,* 127 Iowa 654; *Whelan v. Georgia Midland etc. Co.,* 84 Ga. 506; *Worthington v. C. V. Ry. Co.,* 64 Vt. 107; *McDonald v. Walter,* 40 N. Y. 551; *Lewis v. New York City R. R. Co.,* 99 N. Y. Supt. 462; *Newton v. Pope,* 1 Cow. 109; *Lionberger v. Pohlman,* 16 Mo. App. 392; *Engmann v. Immel,* 59 Wis. 252.

*M. G. Leary* and *V. A. Bullard* for the plaintiff.

TAYLOR, J. The plaintiff's alleged injury occurred on the 29th day of January, 1912, at the defendant's railway station

in Jericho. On the evening of the accident the plaintiff took passage on defendant's train at Jeffersonville bound for Jericho. She carried a suit case, a box and a hand bag, which she had placed in the seat in front of her on entering the train. She had frequently ridden on the defendant's train to and from Jericho and was familiar with the train and stations and was personally known to the conductor. Before entering the train she purchased a ticket for Jericho, which was taken up by the conductor. On the evening in question she was the only passenger for Jericho. The night was dark and it was storming and the wind blowing. The train consisted of an engine and tender, a combination mail and baggage coach, a passenger car and a smoking car, arranged in the train in the order named. The plaintiff was seated toward the front end of the passenger coach. The plaintiff testified that before arriving at Jericho she heard the conductor announce the station; that she got her bundles together; that just as soon as the train stopped at Jericho she proceeded to alight; that when she reached the front platform of the car, and just as she was taking the first step down from the platform, the train started with a sudden jolt and threw her to the station platform causing the injury complained of. She had the box containing a dress under her right arm, the hand bag in her right hand and the suit case in her left hand. She did not take hold of the railing on the platform and testified that she did not have time to do so before the train started. The conductor was at the rear end of the passenger coach, the place usually taken by him to help passengers on or off the train. He did not remember that any one was to get off at Jericho. He was a conductor of long experience and had never had an accident before. The defendant's evidence tended to show that the train was in motion before the plaintiff reached the door of the car; that the train started without a jolt; that plaintiff had some difficulty in opening the door; that the train had gathered considerable speed when the plaintiff attempted to step from the moving car and in so doing she tripped and was thrown when she stepped to the platform.

1. Dr. Eddy, a physician was called by the plaintiff, and among other things testified to an examination of the plaintiff made shortly after the accident with Dr. Beecher. In cross-examination, after having testified to hearing a talk between Dr. Beecher and the plaintiff at the close of the examination in which

Dr. Beecher advised her to give up her school, he was then asked: Q. "What else did he tell her about the injury, if anything?" On objection that it was hearsay and immaterial, the question was excluded "as the matter now stands." The question was outside the direct examination and so, if material, was out of time. It is apparent that the court so treated it and it was not error to exclude the question, at least at that stage of the trial. Besides, there was no offer and the case does not show that the testimony sought to be elicited by the question was material to any issue, as the case then stood.

2. Defendant's second, fourth, fifth, seventh, eighth and tenth exceptions relate to testimony given by certain witnesses as to what plaintiff said upon certain occasions as to then suffering pain. Evidence of complaint of present pain and suffering was received under exception against the objection that it was hearsay, not a part of the *res gestae* and incompetent because delivered "to a third person, a stranger, one not connected in any way as an attendant upon the person injured." The rule that such declarations are admissible whenever the bodily or mental feelings of the declarant, or the nature, symptoms and effects of the malady from which he is then suffering, are material to be proved, is too well established to justify discussion or require the citation of authority. The objection as to the competency of the witness is untenable. While if made to a medical attendant they may be entitled to greater weight as evidence, if made to any other person they are not on that account rejected. 1 Greenleaf Ev. §102; 3 Wig. Ev. §1719; *Bagley* v. *Mason*, 69 Vt. 175, 178, 37 Atl. 287. The case shows that the questions objected to were confined to complaints of present pain and it was not error to admit the testimony.

3. One Whittemore, who was at Jericho station to meet the plaintiff, when the train arrived, was asked to give his opinion as to the length of time the train was standing at the station. This was objected to on the ground that the declaration did not charge the defendant with shortage of legal duty to the plaintiff in not giving her ample time to leave the train. The court overruled the objection and the witness answered under exception, "Not over forty-five seconds." At the close of the evidence the defendant moved for a directed verdict among other things on the ground, "that there is no general charge of negligence in the declaration" and "that there is nothing said in the declara-

tion to indicate a claim for recovery upon the ground that the defendant did not stop its train a sufficient length of time at Jericho to enable the plaintiff to properly alight therefrom.'' The court overruled the motion and allowed the defendant an exception. The court charged the jury with reference to the duty of the defendant to give the plaintiff a reasonable length of time to alight after the train stopped and submitted the case upon the question of negligence in that regard, to which the defendant excepted because of the insufficiency of the declaration. These questions can conveniently be considered together.

The admissibility of the testimony is not dependent upon .the declaration. The length of time the train was standing was one of the circumstances of the accident and bore upon the probability of the truth of the plaintiff's testimony. *State* v. *Burpee*, 65 Vt. 1, 4, 25 Atl. 964, 19 L. R. A. 145, 36 Am. St. Rep. 175; *Wheeler* v. *Wheeler*, 77 Vt. 177, 181, 59 Atl. 842; *State* v. *Donovan*, 75 Vt. 308, 319, 55 Atl. 611.

On the motion for a directed verdict and the exception to the charge of the court it is necessary to consider the sufficiency of the declaration to support the claim of negligence in failing to give the plaintiff sufficient time in which to alight. The declaration contains the allegations, ''that at Jericho * * * said train was slowed up and stopped and the plaintiff *at once,* in the exercise of due care and caution, and without fault or negligence on her part, attempted to get off said car and train : * * * that they (the defendant's servants) negligently and carelessly started said locomotive and train with suddenness and violence and with great force before the plaintiff had safely landed from said car and reached the platform of the station, * * * whereby the plaintiff was, when attempting to alight from said train and while in the exercise of due care and caution and without fault or negligence on her part, thrown with great force and violence from the platform of said car in which she was riding upon the ground and platform,'' &c.

The law is as defendant's counsel contend that facts showing a shortage of legal duty must be alleged and that plaintiff can recover only for the negligence charged in the declaration, but we think the court did not err in submitting the case to the jury. While the charge of negligence in not giving the plaintiff sufficient time to alight might well have been made more specific; nevertheless, the declaration taken as a whole fairly charges

negligence in that regard. We deem it sufficient to put the defendant on its defence, and that is all that is required when the declaration is not challenged by demurrer. *Taylor* v. *Day*, 16 Vt. 566. It is apparent that the trial court so regarded it and the defendant was not prejudiced, as it met the issue tendered by the plaintiff's evidence by testimony tending to show that reasonable time was given the plaintiff to alight; and the issue thus joined was submitted to the jury in a manner not excepted to, except for the insufficiency of the declaration. The view we take of sufficiency of the declaration disposes of the exception to the action of the court in overruling the defendant's motion for a directed verdict.

4. Certain hypothetical questions were asked Doctors Flanders and McSweeney against defendant's objection and under exception. Of these defendant briefs only one, a question asked Dr. McSweeney in cross-examination. The other exceptions are waived by failing to brief them. The question, as amended, asked the witness was: Q. "Take into consideration the symptoms I have described here and given you, I refer now to shock and labored breathing, coughing and with blood—a slight amount—and take in connection with that severe injury to the right side over the right lung, wouldn't you think you had a case of ruptured lung?" It was objected that the part of the question referring to a severe injury is a conclusion, which is for the jury, and that the other elements are not present in this case. Under exception the witness answered: "There may have been some injury to the lung." Defendant does not insist in argument that there was not some evidence affording a basis for the question, but argues that, as the evidence that plaintiff had received a severe injury to her right side over the right lung was conflicting and as it was sharply contested whether the plaintiff had received a severe injury, or any injury at all, to her right lung, it was error to assume that fact in the question. This position is not tenable. It is sufficient that there is some evidence tending to support the hypotheses assumed in the question. If any of the assumed facts are controverted, it is for the jury to say how they find the facts to be; and if they fail to find the facts assumed, the opinion based thereon goes for naught. Our cases are all to this effect, including *Fairchild et al.* v. *Bascomb et al.*, 35 Vt. 398, cited by the defendant. Counsel apparently misapprehend the paragraph of the opinion in which it

is said: "In some cases all the facts bearing on the issue might be summed up in a single question; but when facts on one side conflict with facts on the other they ought not to be incorporated in one question, but the attention of the witness should be called to their opposing tendencies, and if his skill or knowledge can furnish the explanation which harmonizes them, he is at liberty to state it." This is quite another thing than saying that disputed facts cannot be embodied in such question.

5. The plaintiff's evidence tended to show that she was suffering from hemorrhages of the lungs as a result of her injury. As tending to account for the hemorrhages and their source, the defendant called one Mrs. Deyette and offered to show by her that witness frequently had hemorrhages from the teeth and gums around the teeth in larger quantities than appeared on a certain towel, one of plaintiff's exhibits. The evidence was excluded and defendant was allowed an exception. The evidence offered was clearly irrelevant and properly excluded.

6. In the opening argument plaintiff's counsel said: "The truth is the conductor had forgotten about having a passenger to get off there." Counsel for defendant asked for an exception, saying: "Counsel is arguing that it was negligence on the part of the company that the conductor did not remember that the plaintiff boarded the train at Cambridge and was to get off at Jericho." An exception was noted. The argument was entirely proper. So far as appears, it was not being urged as a basis for recovery and so was not open to defendant's objection. Conductor Shinville had been examined at length along that line and his testimony justified that inference that plaintiff's counsel was drawing therefrom. Again, in the closing argument plaintiff's counsel argued, as a question of fact on the evidence, that "Conductor Shinville must have known that this young woman was to get off at Jericho." To this argument defendant was also allowed an exception. In this there was no error. As conductor he took up her ticket for Jericho and it appeared that she was the only passenger for that station and that she had before that time frequently taken passage on his train between Jeffersonville and Jericho. Counsel in the closing argument also said: "It is the duty of the conductor to see that she was helped off with her bundles; they have to look after your care and comfort when you are traveling on the train." Upon an exception being noted to this argument, counsel immediately withdrew what

he had said upon the subject. In the charge to the jury the court referred to this matter and instructed the jury concerning it in a manner satisfactory to the defendant, as no exception was taken thereto. Error, if such there was, was cured by the withdrawal and subsequent charge of the court.

7. The defendant submitted nine requests to charge and excepted to the refusal of the court to charge as requested as follows: After inquiring whether they had complied with the requests and receiving the reply that they had in part, counsel said: "I cannot tell without stopping to look them over * * * I think we had better take a general exception to the refusal to charge as requested in the several requests wherein the same are not complied with." It is conceded that five of the nine requests were complied with substantially. The exception is entirely too general and indefinite to be available, (*In re Bean's Will,* 85 Vt. 452, 459, 82 Atl. 734), and for that reason would be disregarded. Inspection of the record, however, discloses that the requests said not to have been complied with all relate to the question of negligence on the part of the plaintiff which was fully covered by the charge of the court in a manner not excepted to by the defendant.

Much of the defendant's brief is devoted to a discussion of the evidence bearing upon the plaintiff's negligence; and it is urged that the plaintiff was manifestly guilty of contributory negligence, that the court should have so held as a matter of law and that the verdict was contrary to the evidence and the charge of the court on that subject. None of the questions are here for review. The motion for a directed verdict was not based upon contributory negligence, the court was not requested to charge that, as a matter of law, the plaintiff was guilty of contributory negligence and there was no motion to set aside the verdict as against the law and evidence. We have considered all the exceptions contained in the record that have been briefed by the defendant. Error not appearing,

*Judgment is affirmed.*