## No. 9260.

### SEVILLA *v*. THE PEOPLE.

1. CRIMINAL LAW—*Manslaughter—Verdict.*    Notwithstanding the provisions of sec. 1629 of the Revised Statutes, the court presiding in the trial of the alleged homicide may exclude from the jury the question of involuntary manslaughter, where there is no evidence of that degree of the crime or the defense is upon a theory having no relation thereto.

The question is solely for the court.

2. INSTRUCTIONS—*Not Requested,* failure to give is not error.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. GEO. J. HUMBERT, for plaintiff in error.

Hon. LESLIE E. HUBBARD, attorney general; Mr. CHARLES ROACH and Miss CLARA RUTH MOZZOR, assistant attorneys general, for The People.

Opinion by Mr. Justice Allen:

THE defendant below was convicted of the crime of voluntary manslaughter, and brings error.

The information charged murder in the first degree. The trial court, after giving instructions as to the degrees of murder, defined and instructed upon manslaughter, and advised the jury that so much of the definition of manslaughter "as refers to involuntary manslaughter is not to be considered by the jury for any purpose." The defendant contends that it was error for the trial court to advise the jury to disregard, and fail to instruct upon, the question of involuntary manslaughter. The theory of his counsel is that since the court submitted the question of manslaughter to the jury, it should have allowed the jury to designate, if they found the defendant guilty of manslaughter, whether it was voluntary or involuntary. In this connection the defendant relies upon section 1629 R. S. 1908, sec. 1758 Mills Ann. Sts. 1912, which provides that: "Whenever a jury shall find a person guilty of manslaughter, they shall designate by their verdict whether it be voluntary or involuntary manslaughter."

The statute, however, does not deprive a court of its right to withdraw from a jury the consideration of the defendant's guilt of that degree of the offense charged upon which there is no evidence. *State v. Spivey,* 151 N. C. 676, 65 S. E. 995, 1000; *Williams v. State,* 12 Okla. Cr. 39, 151 Pac. 900.

"It is well settled that in a prosecution for murder where there is no evidence from which a jury would be justified in finding the defendant guilty of manslaughter, a trial judge is not required to instruct upon that grade of homicide." *Demato v. People,* 49 Colo. 147, 111 Pac. 703, Ann. Cas. 1912A 783, 35 L. R. A. (N. S.) 621, citing *Maw v.*

*People,* 31 Colo. 351, 72 Pac. 1069; *Crawford v. People,* 12 Colo. 290, 20 Pac. 769; *Carpenter v. People,* 31 Colo. 284, 72 Pac. 1072.

From the foregoing rule it would seem to follow naturally that where there is no evidence tending to prove involuntary manslaughter, an instruction upon that grade of homicide is properly omitted. Such is the law in those jurisdictions where the point has been determined. In 21 Cyc. 1075 it is said:

"The refusal or neglect to instruct the jury as to involuntary manslaughter or negligent homicide is not error where there is no evidence of such a description of killing, as in cases where it clearly appears that the killing was intentional, or that for any other reason it was either murder or voluntary manslaughter or nothing."

It was for the court, and not the jury, to determine whether there was any evidence tending to prove involuntary manslaughter. In *Smith v. People,* 1 Colo. 121, 146, the court expressed the law on this point by the statement that: "Whether there is any evidence at all to prove a fact charged is always a question for the court, but the sufficiency of evidence to prove the facts charged must be determined by the jury."

The record in the instant case shows that there was no evidence whatever tending to prove involuntary manslaughter. The testimony on the part of the prosecution tended to prove murder. The deceased was killed by the defendant in a saloon. The homicide was committed by means of shooting with a revolver. There was testimony that the defendant came into the saloon, and found the deceased already there; that no conversation or quarrel took place between the parties; and that the defendant immediately after entering the saloon began firing at the deceased and killed him. The only defense that the testimony introduced in behalf of the accused tended to establish was that of self-defense. Some of the defendant's witnesses testified that the deceased fired the first shot. That a verdict of acquittal

was not sought on any other ground than that the defendant acted in self-defense is borne out by the following statement made by counsel for defendant in his brief:

"We wish to state right here that the plaintiff in error (defendant below) admits that he fired the shot that killed Enrico, but that he did so in self-defense and in order to save his own life."

In the language of the court in *Hunter v. Comm.*, 171 Ky. 438, 188 S. W. 472, "the whole defense was predicated on a theory having no relation to the law of involuntary manslaughter."

The facts in the instant case are analogous to those in *Clements v. State*, 141 Ga. 667, 81 S. E. 1117, where the court said:

"The defendant did not make a statement on the trial of the case, but introduced testimony to the effect that the deceased first fired upon him and he shot the deceased in self-defense. Under no view of the case was the law of involuntary manslaughter applicable to the evidence, and the court properly omitted any instruction on that grade of homicide."

There being no evidence introduced on either side tending to disclose a case of involuntary manslaughter, the trial court was right in refusing to instruct upon that degree of the offense. No error was committed, in view of the authorities cited herein and under the rule above mentioned, which is also announced in Wharton on Homicide (3rd Ed.) 264, as follows:

"So, failure to instruct as to involuntary manslaughter in a prosecution for homicide is not error when neither the evidence nor the statement of the accused authorizes or requires such a charge."

Even if the evidence justified an instruction upon involuntary manslaughter, failure to give such instruction would not constitute reversible error in this case, for the reason that no instruction upon that point was requested, and the instruction which was limited to voluntary man-

slaughter was not objected to. *Mow v. People,* 31 Colo. 351, 72 Pac. 1069; *Ray v. People,* — Colo. —, 167 Pac. 954; *Clarke v. People,* — Colo. —, 171 Pac. 69, 72.

The plaintiff in error complains of what he terms an "instruction or address given by the trial judge to the jury after the jury had been deliberating for twenty hours without reaching a decision." The remarks of the trial judge, on the occasion here referred to, were as follows:

"Gentlemen of the jury: It appearing to the court at this time that there is no misunderstanding or disagreement among you as to the law of this case or the interpretation of the instructions; that your deliberations have already been unusually prolonged without an agreement being reached; I deem it necessary to the administration of justice that this further instruction relative to your duties as jurors now be given:

You should consider that this case must at some time be decided; that you have been selected in the same manner and from the same source as any future jury must be; that there is no reason to suppose that the case will ever be submitted to twelve men more intelligent, more impartial or that more competent to decide it, or more or clearer evidence will be produced on the one side or the other; that in order to bring twelve minds to an unanimous conclusion, you must examine the question submitted to you with candor and a proper regard and deference to the opinions of each other; that you ought to pay proper respect to each other's opinions and listen with a disposition to be convinced to each other's argument.

If a majority of your number are for conviction, a dissenting juror should consider whether a doubt in his own mind is a reasonable one which makes no impression upon the minds of so many men equally honest and intelligent with himself, who under the sanction of the same oath have heard the same evidence, with the same attention and an equal desire to arrive at the truth.

On the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves whether they may not reasonably and ought not to doubt the correctness of a judgment from which so many of their number dissent, and distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows.

And whilst at least each juror must act upon his own judgment concerning the evidence in the case, and not upon the judgment of his fellows, it is your duty, guided by the foregoing and by all of the instructions heretofore given in this case to decide the case if you can conscientiously do so.

It is accordingly ordered by the court that you be returned to your jury room for further deliberation."

Counsel for plaintiff in error states in his brief that at the time these remarks were made by the trial judge counsel for the defendant was not present. The record indicates otherwise, and has not been corrected if erroneous. It therefore imports absolute verity under the rule recently announced by this court in *Smith v. People*, No. 9082, — Colo. —, 170 Pac. 959. Even if the attorney for the accused was absent at the time, and that fact appeared of record, no cause for reversal would result, since the communication of the trial judge to the jury on that occasion in no manner related to matters which the jury must consider in determining their verdict, and nothing was said which could have influenced the verdict in the least degree. *Rolland v. People*, 30 Colo. 94, 69 Pac. 519. The trial court's remarks did not constitute an instruction, but were merely equivalent to urging agreement, and nothing is contained in the remarks which is prejudicial to the defendant. *Hutchins v. Haffner*, — Colo. —, 167 Pac. 966, 968; *Comm. v. Tuey*, 62 Mass (8 Cush.) 1. Cases sustaining similar remarks urging agreement in criminal cases are collected in 12 Cyc. 682; 16 C. J. 1091, sec. 2562.

We find no error in the record, and the judgment is therefore affirmed.

Affirmed.

Chief Justice Hill and Mr. Justice Bailey concur.