No. 12,371.

BOWEN v. THE PEOPLE.
(284 Pac. 779)

Decided January 27, 1930.

Mr. Joseph K. Bozard, Mr. J. F. Meador, for plaintiff in error.

Mr. Robert E. Winbourn, Attorney General, Mr. E. J. Plunkett, Assistant, for the people.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

O. O. Bowen was convicted of the crime of taking indecent liberties with the person of Loleta Anglin, a girl ten years of age. He was sentenced to be confined in the penitentiary for not less than eighteen months nor more than two years.

1. It is said by counsel for the defendant that the verdict is unsupported by the evidence. Mindful of the fact that a charge of this character is easy to make and hard to disprove, and also realizing that, because of the lasting disgrace attaching to a conviction of such a crime, great care should be exercised in order to prevent an unjust conviction, we have read, not only the abstract, but also the entire record. The prosecuting witness, it is true, was flatly contradicted by the defendant—not an unusual thing in criminal cases. There was testimony of witnesses called by the defendant that, if believed by the jury, would create some doubt concerning the accuracy, perhaps even the truthfulness, of some portions of the testimony given by the prosecuting witness. On the other hand, there is testimony corroborating the testimony of the prosecuting witness, and contradicting that of the defendant, concerning a material fact. The prosecuting witness described an incident that, according to her testimony, accompanied the act, an occurrence about which it is incredible that a child ten years old

would have any knowledge unless the act charged actually was performed. The jurors must have found it to be true, and not an invention of the witness.

We cannot too strongly emphasize the importance of seeing the witnesses and hearing them testify; of observing their manner of giving their testimony, and their demeanor and appearance while on the witness stand. The appearance of the witness may be that of a person who is frank, candid, straightforward, artless, truthful, or it may be the reverse. The manner of testifying may be such as to convince the hearers of the truth of the testimony, or it may be the reverse. A frank, honest countenance goes far toward inducing belief in the testimony given. The information thus conveyed to jurors and trial judges, who may find it to be of controlling importance in considering the weight of the evidence, is denied to those whose knowledge of the testimony is derived solely from a printed record.

The evidence satisfied the jury beyond a reasonable doubt that the defendant is guilty. The fact that the trial judge refused to set aside the verdict and grant a new trial indicates that his reason and conscience approved the verdict. *Piel v. People,* 52 Colo. 1, 119 Pac. 687; *Lowe v. People,* 76 Colo. 603, 234 Pac. 169. In the circumstances, we cannot say that the verdict is unsupported by the evidence.

2. It is suggested that the verdict was not the result of a consideration of the evidence, but of an instruction given by the court when the jury, after being out for several hours, had failed to reach an agreement. The instruction was substantially the same as the one approved by us in *Sevilla v. People,* 65 Colo. 437, 177 Pac. 135, and by the Supreme Court of the United States in *Allen v. United States,* 164 U. S. 492, 17 Sup. Ct. 154. See also *Hutchins v. Haffner,* 63 Colo. 365, 167 Pac. 966, L. R. A. 1918A, 1008. The instruction in no manner indicated the opinion of the court as to the guilt or innocence of the defendant, but merely suggested that the

jurors reconcile their differences and agree upon a verdict, if they could conscientiously do so. There is nothing in the instruction that savors of coercion, nothing that was prejudicial to the defendant.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.