No. 15,578.

OLGUIN v. THE PEOPLE.
(170 P. [2d] 285)

Decided May 20, 1946. Rehearing denied June 24, 1946.

Mr. F. E. Dickerson, Mr. Anthony F. Zarlengo, Mr. William F. Dwyer, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of statutory rape and sentenced to the penitentiary. To review that judgment he prosecutes this writ and assigns nineteen alleged errors which we examine under the following divisions: 1. The verdict is unsupported by the evidence; 2. Certain erroneous rulings were made on the admissibility of evidence; 3. The giving of instructions 9 and 11; 4. The giving of an additional instruction while the jury was deliberating; 5. Sending exhibits to the jury room; 6. Excluding evidence of prior acts of unchastity by the prosecuting witness.

1. So far as any detailed statement of the evidence goes we reserve it until consideration of the last alleged error above mentioned. Suffice it here to say that we have examined that evidence with care and while much of it is flatly contradictory, that it amply supported the verdict is, in our judgment, beyond question.

2. Numerous objections were made to rulings on the admissibility of evidence. In our opinion these rulings were clearly not prejudicial. We think they require no further comment.

3. The giving of instruction No. 9 is assigned as error. It tells the jury that neither the element of force nor the question of consent is involved. The first was right because the prosecuting witness did not testify to the use of force. The second was right because, as will hereafter appear, she was under the age of consent.

■ 4. The cause was submitted to the jury at 10:00 p. m. Having failed to arrive at a verdict at 5:10 p. m. the following day the court—counsel and defendant being present—stated that he had received a message from the jurors to the effect that they were unable to agree and deemed it "advisable and proper to instruct the jury further in this matter." Over the objection of the defendant the jurors were called into court and the foreman stated they had not agreed upon a verdict. Thereupon the court gave them that advice concerning their duties which is commonly referred to in this jurisdiction as "the third degree instruction," but which this court has held not an instruction. It need not be repeated here since it appears verbatim in the first cause in which it was reviewed and approved by this tribunal 28 years ago (*Sevilla v. People,* 65 Colo. 437, 441, 177 Pac. 135). Since then, this question has been repeatedly examined and the Sevilla case repeatedly affirmed. *Bowen v. People,* 87 Colo. 38, 284 Pac. 779; *Boegel v. People,* 95 Colo. 319, 35 P. (2d) 855; *Leech v. People,* 112 Colo. 120, 146 P. (2d) 346. Some time the following day (the record does not disclose the hour), the verdict of guilty was returned. Defendant's brief devotes but eight lines to this assignment, the objection being that the jury "was in reality coerced." In the Bowen case we said, "There is nothing in the instruction that savors of coercion." Under the circumstances we discover no abuse of discretion and no basis for the assignment.

■ 5. On the afternoon of the day following the submission of the cause, the jurors sent a request to the court that they be permitted to re-examine all of the exhibits. Over defendant's objection that request was granted and the exhibits sent to the jury room. Counsel for defendant cite a number of cases from other jurisdictions condemning this practice. We need not examine, nor attempt to distinguish them. The law in Colorado is well settled in a case wherein the history of the rule is traced, the reasons pro and con set forth and such a

submission as here occurred approved. *Wilson v. People,* 103 Colo. 150, 157, 84 P. (2d) 463.

 6. The information contained two counts. The first charged forcible rape, the second statutory, i. e., intercourse with a girl fourteen years of age. On cross-examination (both counts being still under consideration) the prosecuting witness was asked, "Had you ever had any sex experience prior to this time?" The prompt answer was, "No." Thereupon the district attorney interposed an objection which was sustained. Counsel for defendant then asked to be heard on the question outside the presence of the jury and witness. They were accordingly excused. In the ensuing argument the principal reason urged by the defense for a reversal of the ruling was based upon the fact that the charge before the court was "forcible rape." A recess followed and on reconvening the district attorney elected to stand on the second count, and counsel for defendant announced that his sole purpose in insisting upon the rejected evidence was "for the purpose of rebutting testimony, if any, of penetration, and for no other purpose." The court announced he had already sustained the objection and counsel for defendant reserved his exception. The jury was then recalled and advised by the court of the district attorney's election.

Such was the ruling and such the circumstances on which defendant's principal assignment is based. When that ruling was made it was erroneous since a charge was then before the court under which evidence of former sex experience was material. When that charge was withdrawn an entirely different question arose. The matter had been brought out by the defense. The witness had denied any such experiences and her answer stood. There was no request to strike, modify, or specially instruct, and no evidence was thereafter introduced or offered in contradiction or impeachment. Under the second count prior unchastity was wholly immaterial save in certain well recognized instances, i. e.,

to explain pregnancy urged as evidence of guilt; to explain the probable source of a venereal disease charged to defendant; to rebut evidence of force by showing that force was, in all probability, unnecessary, and so attacking the credibility of the prosecuting witness; to indicate that evidence of intercourse given by a physician may be due to misconduct with another than the defendant. Here there was no question of pregnancy or venereal disease, and there is not in this record a scintilla of evidence of force. In fact the prosecuting witness expressly and repeatedly denied it.

We have then to consider the offered evidence in the light of that given by a physician. Dr. Simon, whose qualifications were unquestioned, examined the prosecuting witness shortly after midday succeeding her experience with defendant. He testified that the hymen "had been *recently* torn or bruised, * * *. There it was, an open wound, and bruises." It thus appears that evidence of former sexual experiences was wholly immaterial unless that experience had been *recent*. Counsel's question—"Had you *ever* had any sexual experience prior to this time?"—was so broad as to cover possible experiences entirely irrelevant, hence the ruling on this point was correct.

Defendant cites numerous cases of statutory rape where the evidence of the prosecution disclosed force and violence. They are wholly inapplicable here where there was no such evidence. He relies strongly on *O'Chiato v. People,* 73 Colo. 192, 214 Pac. 404, in which the people's evidence disclosed a birth. That case is beside the point since the impropriety of the question propounded was not involved.

Moreover, under certain general rules amply supported by reason and authority, this assignment is not good. It is admitted that in prosecutions for statutory rape prior intercourse with others and bad reputation for chastity are generally immaterial. 44 Am. Jur., p. 959, §91. The question propounded was so general that the

answer, affirmative or negative, could well be improper and irrelevant. Such interrogatories must be specific and disclose their relevancy. 1 Thompson on Trials, p. 554, §683; *Morgan v. United States,* 169 Fed. 242, 250, 94 C.C.A. 518. No offer of any kind was made. When a question propounded on cross-examination does not show the relevancy of the testimony sought to be elicited, and there was no offer, its exclusion is justified. *Seeley v. Central Vt. Ry. Co.,* 88 Vt. 178, 92 Atl. 28.

Counsel complain they could not, after the ruling, particularize or make an offer without prejudicing their client before judge and jury. We cannot indulge the presumption that any such prejudice would arise on the part of the trial judge, and as to the jury counsel had ample opportunity to comply with the law as above stated in the absence of the jury and again upon the reconvening of the court and prior to the recall of the jury.

We have given this cause more than ordinary time and attention, both as to the entire record and the various questions presented, partially perhaps for a not particularly commendable reason, that we have been somewhat shocked by the sentence pronounced, i. e., 40 to 60 years in prison. True, the maximum provided by statute is confinement for life. '35 C.S.A., c. 48, §61. Our impression has been, however, that these excessive sentences were generally imposed only in cases attended by evidence of excessive aggravation or extreme brutality, not disclosed by this record. However, the trial court acted within its statutory discretion and necessary relief from its judgment, if any, rests with the executive, not with us.

Finding no reversible error the judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE dissent.