## No. 21503.

### JOHN RAYMOND ORTEGA *v.* THE PEOPLE OF THE STATE OF COLORADO.
(423 P.2d 21)

Decided January 30, 1967.

ALFRED Z. CRADDOCK, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*En Banc.*

Opinion by FRANTZ, R.A.J.*

BY this proceeding Ortega would have us reverse judgments of conviction of the crimes of kidnapping, "aggravated" robbery, larceny of a motor vehicle, assault with a deadly weapon, and conspiracy to commit these felonies, upon which concurrent sentences were imposed, the maximum of which was for not less than eighteen nor more than twenty-two years for kidnapping.

In support of his claim for reversal, Ortega states that:

"The court erred in overruling defendant's motion for a directed verdict of acquittal at the close of the testimony, and further in receiving verdicts of the jury where the evidence in proof of the allegations contained in the amended information was insufficient as a matter of fact and as a matter of law."

Ortega contends that the evidence relating to his identification is insufficient because it is inherently improbable. This is the single and simple issue to be determined on this review. Under the circumstances of this case, such issue represents a trinity of problems

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

involving (1) the credibility of Leonard J. Harvey — the victim and only witness to connect Ortega with the crimes; (2) his competency; and (3) the sufficiency of the evidence.

Ortega reasons that Harvey's physical and mental condition at the time he briefly viewed the face of the taller of the two assailants leaves his testimony of identification wanting in probative value. He makes much of the fact that Harvey's testimony was the only evidence concerning identification. In this connection, Ortega points to his evidence bearing on alibi, and to other evidence, all of which, he says, shows that he could not have been involved.

It was about 10 o'clock in the evening when Harvey "killed" the motor of his car as he started into the intersection of streets in Pueblo after he had come to a stop in obedience to a stop sign. Two men forced their way into his temporarily stalled car and compelled Harvey, by menacing him with a knife at the side of his face, to drive to the outskirts of Pueblo where the three disembarked, the minatory knife overcoming Harvey's unwillingness to leave the car.

The three then proceeded on foot a short distance, the shorter man preceding and the taller (said to be Ortega) following Harvey. When they came to a halt, the shorter man began striking Harvey in the face with his fists and the taller one stabbing him in the back. During the attack Harvey was struck a blow in the face with a rock, breaking his nose and sending him to his knees.

After being thus battered, Harvey had his one and only glimpse of the taller aggressor. According to Harvey, he saw the face of the taller man with the aid of some illumination afforded by lights in the neighborhood, and from this, he identified Ortega as the taller culprit. Harvey admitted that he was weakened by loss of blood, was probably bleeding from the nose, and somewhat dazed when he caught sight of Ortega's

face. Both at the line-up and trial Harvey, nevertheless, was positive that Ortega was the taller assailant.

Not only must the evidence show the commission of a crime, but it should inculpate the accused beyond a reasonable doubt. If a witness has the capacity "to observe, recollect, and communicate, and some sense of moral responsibility," his testimony should be left for jury evaluation. *State v. Leonard*, 60 S.D. 144, 244 N.W. 88; *State v. Schweider*, 5 Wis.2d 627, 94 N.W.2d 154; 2 *Wigmore on Evidence* (3rd) §§ 493-501. Harvey's capacity "to observe" is primarily questioned here.

In *Vigil v. People*, 134 Colo. 126, 300 P.2d 545, this court scrutinized evidence of identification of a masked robber based upon his physical appearance, "particularly with reference to his eyes and forehead," regarded it as "direct evidence," and declared that "the credibility of the witnesses and their means and opportunities for observation and their positive identification was for the consideration of the jury."

Recognition of a person under adverse conditions is generally a fact question. Identification of one by an intoxicated and crippled person, *Trujillo v. People*, 112 Colo. 91, 146 P.2d 896; pointing out one as the assailant, even though the witness may have been 'injured in body or in mind on the occasion of the assault," *Dickson v. Waldron*, 135 Ind. 507, 35 N.E. 1; recognition of one who had a flashlight in the witness' face, *Williams v. State*, 50 Ga.App. 111, 176 S.E. 921, are illustrative cases of courts allowing juries to determine what credit should be given to identification from observation made in difficult circumstances.

That Harvey alone testified to the identity of Ortega does not necessarily create a case of insufficiency of evidence. This court has held in a prosecution for robbery that the testimony of one witness identifying the accused as being present and participating in the

crime was sufficient to take the issue to the jury. *Barr v. People*, 30 Colo. 522, 71 Pac. 392.

We note that the trial court considered the present problem in its disposition of Ortega's motion for a new trial. Its denial of the motion prompts us to quote the following from *Bowen v. People*, 87 Colo. 38, 284 Pac. 779:

". . . The fact that the trial judge refused to set aside the verdict and grant a new trial indicates that his reason and conscience approved the verdict."

The trial court ruled correctly.

The judgment is affirmed.