Mr. Justice Kelley
delivered the opinion of the Court.
Defendant was convicted of aggravated robbery on the testimony of a single witness — the victim.
The defendant alleges that the trial court erred in denying his motion for judgment of acquittal. The sole basis of error is the insufficiency of evidence. The insufficiency argument rests upon the fact that the prosecution establish both corpus delicti and the identity of the defendant as the one who committed the offense by one witness — the victim.
In his brief the defendant states:
“We would clarify at the outset that we recognize that a long line of cases has held that one eyewitness is sufficient to identify the perpetrator of a crime. We do not challenge this proposition and recognize the necessity for it. We recognize also that the corpus delecti [sic] may be established by one witness, and that the cases have so held. However, we have been unable to find any appellate court decision involving a conviction for robbery in which the People relied on the testimony of one witness to establish both the corpus delecti [sic] and the identification of the perpetrator, and in which nothing more was presented.”
The defendant’s argument does not square with the rule in this state nor that which we regard as the majority view on the subject.
The general rule of law is that the sufficiency of proof is for the court or the jury, as triers of fact, to determine, and if they are satisfied beyond a reasonable doubt, the proof is sufficient, even though made through only one witness. The uncorroborated evidence of one witness is ordinarily sufficient to sustain a conviction of crime. 3 Wharton, Evidence, §954, p. 395, and cases cited therein; Ortega v. People, 161 Colo. 463, 423 P.2d 21; People v. Thompson, 147 Cal.App.2d 543, 305 P.2d 274.
The judgment is affirmed.