MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
This case was transferred here from the Court of Appeals because it involves the constitutionality of a statute.
The defendant, J. C. Murphy, was convicted in Denver District Court of rape[1] and aggravated robbery.[2] He seeks reversal claiming there was insufficient evidence to identify him as the assailant and insufficient evidence that money was taken. Further, he attacks as unconstitutional that portion of the aggravated robbery statute[3] making a defendant’s verbal representation that he has a deadly weapon prima facie evidence that he is so armed. We affirm both convictions.
The victim, a University of Denver student, testified that at 10:30 p.m. April 17, 1973, she left her dormitory to take a walk. About two blocks from the dormitory, she heard footsteps behind her. She turned around and saw a man following her. She kept walking. Within seconds, the man put a coat over her head and told her that if she screamed, he would blow her brains out. She did not see his face again. He took her *413 behind bushes and raped her, repeatedly stating that he had a gun. He then asked if she had any money, and she replied that she had about thirty dollars. She heard him making noises, and after he ran away, she discovered her purse lying open on the ground, no longer containing the $30 that had been there before the rape. A medical examination shortly after the incident revealed the presence of spermatoza in her vagina.
The victim identified the defendant as the rapist by choosing his photograph from among a group of pictures shown to her at the police station. She again identified him in the courtroom, stating that she was absolutely certain he was her assailant.
The defendant testified that on the night of the attack, he and a woman friend drove from Greeley, Colorado, to his place of employment in Denver, about six blocks from where the attack occurred, arriving there at 10:40 p.m. He said he took a short nap in his car until 10:56 p.m., at which time he “clocked in” at work. The defendant’s woman friend corroborated his testimony.
The jury found the defendant guilty of both rape and aggravated robbery. He was sentenced to ten to twenty years’' imprisonment for each crime, the sentences to run concurrently.
I. SUFFICIENCY OF THE IDENTIFICATION.
It is argued that the victim’s identification of the defendant is “inherently incredible” because at the time of the attack it was dark, the nearest street light was at least two blocks away, and the victim had only a short time in which to observe her assailant before her head was covered with a coat. She testified with certainty and confidence, however, that she did see her attacker and that the defendant was the man.
In Ortega v. People, 161 Colo. 463, 423 P.2d 21 (1967), the defendant claimed insufficiency of the evidence to identify him as one of two assailants. There the victim’s identification testimony was the only evidence tying the defendant to the crime. The victim had been beaten and stabbed before he got his only glimpse of the defendant. The attack occured at night with only scant light available. There we acknowledged that recognition of a person under adverse conditions is generally a fact question and that the testimony of a single witness, the victim, may suffice to take that issue to the jury. Those principles apply here. The cases cited by the defendant either are inapplicable or fail to support his contentions.
II. CONSTITUTIONALITY OF STATUTORY INFERENCE THAT DEFENDANT IS ARMED.
The defendant contends that the evidence was insufficient to sustain the jury verdict finding him guilty of aggravated robbery. Since the victim never saw the weapon which the defendant repeatedly threatened to use, the aggrravated robbery conviction rests on section 18-4-302(2), C.R.S. 1973. That section makes a defendant’s verbal representation that he is armed prima facie evidence that he is in fact armed. Thus a jury is *414 permitted to infer that element of aggravated robbery in cases, such as this one, where the victim is threatened with a weapon but never sees it. Defendant attacks this statute as denying him due process by diluting the presumption of innocence and the requirement of proof beyond a reasonable doubt. These contentions were rejected in People v. Lorio, 190 Colo. 373, 546 P.2d 1254 (1976).
Defendant further asserts that section 18-4-302(2) unconstitutionally denies him equal protection of the laws by removing the only real distinction between simple and aggravated robbery. The statute, however, has no such effect. It merely permits the jury to infer that a defendant told the truth when he asserted that he was armed. The prosecution is still required to prove an additional element over and above what is required to prove simple robbery.
Statutes are presumed constitutional. The defendant had the burden of establishing beyond a reasonable doubt his claim that this statute was unconstitutional. People v. Small, 177 Colo. 118, 493 P.2d 15 (1972) (aggravated robbery statute does not deny equal protection). He failed to sustain that burden.
Finally, the defendant contends that the evidence was not sufficient to allow the jury to conclude that he took money from his victim’s billfold. Our review of the record indicates that this issue was properly submitted to the jury.
The judgment is affirmed.

 1971 Perm. Supp., C.R.S. 1963, 40-3-401, now section 18-3-401, C.R.S. 1973.

 1971 Perm. Supp., C.R.S. 1963, 40-4-302, now section 18-4-302, C.R.S. 1973.

 1971 Perm. Supp., C.R.S. 1963, 40-4-302(2), now section 18-4-302(2), C.R.S. 1973.