No. 17,737.

GILBERT ROLAND VIGIL *v.*
PEOPLE OF THE STATE OF COLORADO.
[300 P. [2d] 545)

Decided August 13, 1956.

Mr. ANGELO F. MOSCO, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, for defendant in error.

*En Banc.*

Mr. Chief Justice Alter delivered the opinion of the Court.

Gilbert Roland Vigil and one Lopez were tried jointly and convicted of armed robbery. Vigil was sentenced to a term in the reformatory at Buena Vista, and Lopez sentenced to a term in the penitentiary. Vigil is here by writ of error seeking a reversal of the judgment.

The evidence discloses that on the night of February 11, 1954, three men armed with revolvers entered the liquor store of one Jackie George in Walsenburg, Colorado, and by threats and assaults with their revolvers against her and her son, forced her to permit them to take the moneys in the cash register and in her purse. Two of the men who staged the hold-up wore white cloths over their faces, concealing all but the eyes and forehead. One of the trio was not apprehended. Jackie George and her thirteen-year-old son identified Vigil and his co-defendant as the two men who held guns and threatened them, the identification having been first made in a police "line-up" in Denver and later from pictures of the two men and in the courtroom at the time of the trial.

The defendants introduced evidence of an alibi, contending that on the 11th of February, 1954, they were in Denver, Colorado.

Defendant's counsel assigns the following as errors committed by the trial court: 1. Refusal to grant a motion for a directed verdict based, as we understand it, upon his assertion that the People's evidence was circumstantial and did not establish beyond a reasonable doubt that the defendants were guilty; 2. error in permitting masks to be placed over the faces of the defendants dur-

ing the trial of the cause; 3. permitting a night club operator to testify as to a robbery occurring in his night club by three men, one of whom was this defendant's co-defendant, this robbery having occurred shortly after the robbery for which defendant was found guilty.

These assignments will be treated in the order mentioned.

■ 1. Jackie George and her son positively identified defendant and his co-defendant as men who participated in the armed robbery of her liquor store. Their identification was based upon the physical appearance of defendant, particularly with reference to his eyes and forehead; nevertheless it is urged by defendant's counsel that this is circumstantial evidence. In this counsel is mistaken. The evidence was direct evidence, and the credibility of the witnesses and their means and opportunities for observation and their positive identification was for the consideration of the jury. No error was committed in denying a motion for directed verdict.

2. The record discloses that during the course of the trial the following occurred:

"Mr. Murr: Now, at this time, your Honor, I would like to have permission to place a mask on their faces, under her direction, so that she can positively identify them in the same manner they were that night. The Court: Well, is there any objection to that? Mr. Mosco: Yes, there is on our part. *We object to it.* The Court: Well, we will let it be done, you may save your exception. Mr. Murr: I have here a white handkerchief, Mrs. George, if you will step down and stand here and tell me what position — The Court: Let her put it on, herself. (Witness indicates.) Mr. Murr: We would like the defendant to stand up. Mr. Mosco: *We object to his standing up, as being improper.* The Court: Overruled. Mr. Mosco: Save our exceptions. The Court: Yes, you may have your exceptions. Mr. Murr: Now, you identify this man as the man who came in that evening? A. Yes. Q. Is this the defendant who held the gun at your ribs?

A. Yes. The Court: You may sit down now, Mr. Defendant. The Witness: Yes, I identify him by his eyes and hair, he didn't stand straight. Mr. Murr: Now, I will ask you to place the handkerchief over the other defendant? A. (Witness indicates). Mr. Mosco: *Same objections.* The Court: Same ruling. Mr. Mosco: Save our exceptions. Mr. Murr: Is that the defendant who came in and held the gun on your son? A. Yes." (Italics ours.)

It is a general rule of law that unless the reasons for an objection are obvious the grounds therefor must be stated with sufficient particularity as to call the attention of the court to the specific point, and likewise it is a general rule that only such grounds of objection as are specified will be considered. 3 Am. Jur., sec. 263, p. 41; 4 C.J.S., p. 498, sec. 247. The object and purpose to be accomplished by any objection is to give the trial court an opportunity of preventing an error in his ruling, and it is incumbent upon an attorney to specifically and clearly state the reason for his objection so as to afford this opportunity to the trial court.

The objection interposed by defendant's counsel was not such as to require this court's consideration. However, even though a proper objection had been interposed, no constitutional right of the defendant was violated.

The constitutional provision, section 18, Article II of the Colorado Constitution, provides: "No person shall be compelled to testify against himself in a criminal case. * * *" Under similar constitutional provisions, it has been held that the admission of testimony based upon a physical examination is not violative of the constitutional immunity against self incrimination. The ground for so holding is that the constitutional provision relates merely to testimonial evidence. The provision against self incrimination is limited to protection against testimonial compulsion, and does not extend to the exclusion of the body as evidence when such evidence may

be relevant and material. Our Constitution protects one against an admission of guilt coming from his own lips under compulsion and against the will of the accused, and has no relation whatever to real as distinguished from testimonial evidence. *Block v. People,* 125 Colo. 36, 240 P. (2d) 512; *Kallenbach v. People,* 125 Colo. 144, 242 P. (2d) 222; 164 A.L.R. 972; 25 A.L.R. (2d) 1407; 8 Wigmore on Evidence (3d ed.), sec. 2265, p. 380; 22 C.J.S., sec. 652, p. 998, et seq.

■ 3. The defense urged was an alibi, and it was claimed by defendant that he was in Denver on the night of February 11, 1954, and, consequently, could not have been in Walsenburg at the time of the robbery. He testified that on February 11 and 12 he spent part of the time with his co-defendant Paul Lopez in Denver. On rebuttal the owner of a night club located about five miles south of Pueblo testified that about 11 o'clock he was "held up" by three armed robbers, and while he did not positively identify defendant as one thereof, he did positively identify Lopez as one of the three armed men perpetrating the robbery. This evidence was competent for the jury's consideration to determine the truth or falsity of the alibi, and no error was committed in permitting this witness to testify in rebuttal.

There were other assignments urged here which are considered and we determine them to be without merit. No objection was made to any instruction of the court. The defendant was accorded a fair and impartial trial by a jury, which by its verdict found defendant guilty.

The judgment is affirmed.

Mr. Justice Holland dissents.