Opinion by
Mr. Chief Justice Moore.
Plaintiff in error will be referred to as the defendant. He and one John Leroy Cruz were jointly accused of aggravated robbery and conspiracy to commit robbery. Cruz was granted a separate trial. The defendant was convicted of simple robbery and conspiracy and was sentenced to terms of not less than five nor more than eight years confinement in the state penitentiary on each count, the sentences to run concurrently.
As for grounds for reversal of the judgment, argument *235 is presented under a number of captions, the first of which is that the trial court erred in refusing to grant a mistrial when requested to do so on four occasions during the trial. The district attorney made reference to a gun when no weapon was seen by the victim. The testimony was that the robber “stuck something in my back and he told me to get inside” the filling station where he was working. The witness testified that after getting inside defendant “had his hand in his pocket” and that “his pocket bulged out.” The district attorney allegedly “performed” in front of the jury with his hand in his pocket and, in questioning the victim of the robbery, asked the question, “Is the gunman who held you up in this courtroom?” Counsel for defendant objected and the question was withdrawn. The jury was instructed to disregard the question and the motion for mistrial was denied.
Whether a motion for mistrial should be granted is a matter involving the discretion of the trial court. Under the circumstances of this case we cannot say that there was any abuse of discretion on the part of the trial court in denying the several motions for mistrial which were made during the trial.
It is argued that the trial court erred in permitting detective Goebel to testify from a statement taken by him from the defendant, which was reduced to writing but which was not signed by defendant. The authenticity of the questions asked and answers given was established but since the defendant didn’t sign the statement or read it after it was reduced to writing, the trial court sustained the objection made to receiving it in evidence as an exhibit in the case. However, it was used by the detective on the theory of past recollection recorded. The trial court erred in refusing to admit it as tendered by the district attorney. The evidence was that the questions were exactly those asked of the defendant and that the answers recorded were exactly those given by defendant. The absence of his signature *236 to the document affected the weight to be given it by the jury, but did not make the instrument inadmissible.
This case falls squarely within the rule announced in Jordan v. People, 151 Colo. 133, 376 P.2d 699. No error prejudicial to the defendant was committed by the trial court. The error was in rejecting the full statement and defendant cannot now complain that the People were able to do by “indirection that which the trial court ruled could not be done directly.” Under the rule announced in Jordan the People should have been permitted by direct action to do that which was done by indirection.
 It is argued that error was committed by the trial court in permitting witnesses for the People to testify that they identified pictures of the defendant, which were in the possession of the police, as photographs of the robber. Much of this evidence was received without objection. The last witness who was examined on this subject was asked the question, “Did you ever have occasion to see any photographs at police headquarters?” An objection was made and considerable argument was had outside the presence of the jury. The court finally sustained the objection. The testimony on this subject which was previously given was not stricken, and no request was made that the jury be instructed to disregard the evidence. We hold that the testimony in the form in which it was offered was admissible and the court should have overruled the objection of the defendant. There was nothing whatever about any question asked which indicated that the defendant had been previously convicted of a felony. The evidence offered related to a photograph of defendant which was shown to the victim of the crime. The fact that he recognized the picture as that of the man who committed the robbery and that thereafter the defendant was arrested and identified in person, was competent for consideration by the jury.
*237 In 2 Wharton’s Criminal Evidence §692 (12 ed. 1955) we find:
“When a photograph is sought to be introduced into evidence for the purpose of identifying one connected with the commission of the crime charged, it is not rendered incompetent because it was obtained from a rogues’ gallery.”
In the instant case there was no reference to a “rogues’ gallery.” In Valley v. People, 165 Colo. 555, 441 P.2d 14, we decided the question argued by counsel for defendant adversely to the position here urged as ground for reversal.
Finally it is argued that error was committed by the trial court when defendant was required, over objection, to put on a jacket and a pair of sunglasses which had previously been identified as those worn by the perpetrator of the robbery. There is no merit to this argument. LaBlanc v. People, 160 Colo. 575, 418 P.2d 888; and Vigil v. People, 134 Colo. 126, 300 P.2d 545, establish the rule justifying this procedure.
There was ample evidence to support the conviction of the defendant on the charge of conspiracy, and the argument of counsel that insufficient evidence was introduced to warrant jury consideration of that count deserves no further comment.
The judgments entered upon the verdicts of the jury are affirmed.
Mr. Justice McWilliams and Mr. Justice Pringle concur.