No. 22445.

Dennis M. Valley v. The People of the State of Colorado.

(441 P.2d 14)

Decided May 13, 1968. Rehearing denied June 10, 1968.

JOHN F. MUELLER, ALBERT A. NORBONT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DeROOS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

DENNIS VALLEY and Michael Oliver were jointly charged in a four count information with larceny, receiving stolen goods, and conspiracy to commit each of the aforesaid crimes. Trial by jury culminated in verdicts acquitting Oliver on all counts. Valley, however, though acquitted of the crimes of larceny and conspiracy to commit larceny, was convicted of receiving stolen goods of a value of $1,800 and conspiracy to commit the receiving of stolen goods.

Thereafter, upon motion, the trial court set aside the verdict of the jury as it related to the count charging

conspiracy to commit the crime of receiving stolen goods. However, as to the count charging the crime of receiving stolen goods, the trial court denied Valley's motion for a new trial and sentenced him to a term of from three to five years in the State Penitentiary. By writ of error Valley now seeks reversal of the judgment thus entered against him.

Valley argues that the trial court committed error in the following particulars: (1) in refusing to declare a mistrial when a witness for the People, who was an investigator in the sheriff's office, "volunteered" upon direct examination that he presented a number of "mug shots which are pictures taken in the Adams County jail when a person is booked into jail" to a third party who identified the pictures of both Valley and Oliver as photos of the persons from whom he had purchased a part of the stolen property; and (2) in attempting to "clarify" the instruction on circumstantial evidence which had been theretofore given the jury, such "clarification" being orally given the jury upon its request after it had been deliberating for several hours. In our view neither contention is such as to dictate a reversal of this case, and the judgment and sentence should therefore be affirmed.

■ Was the passing reference of the sheriff's investigator to mug shots of such serious nature as to make mandatory the declaration of a mistrial? We hold that it was not. In this regard it should be noted that the trial court, out of the presence of the jury, volunteered to strike the answer thus given and instruct the jury to disregard the same. Counsel for Valley flatly refused this offer, however, and insisted that the trial court declare a mistrial.

■■ Declaring a mistrial is a rather drastic measure and it is only natural for a trial court to first attempt to ascertain whether the error could be remedied in a somewhat less disruptive fashion. Here, the statement

objected to by counsel did not reveal that Valley, or Oliver for that matter, had any prior felony record, but only that on some prior occasion their pictures had been taken when they were "booked into jail." In our view this matter could have been adequately handled by striking the answer and instructing the jury to disregard the answer. But counsel did not desire that the matter be handled in this manner, and he demanded a mistrial, nothing less.

 Whether a mistrial is to be granted in a given case is a matter lying within the sound discretion of the trial court, and the exercise of that discretion will not be overturned by us unless there has been a clear abuse of that discretion. See *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259 and *Hopper v. People,* 152 Colo. 405, 382 P.2d 540. Suffice it to say that we find no abuse of discretion in the refusal of the trial court to declare a mistrial. By so holding we are not to be considered as thereby approving the "volunteer" statement made by a law enforcement official, who presumably knew or should have known better. However, candor suggests that when the entire record is reviewed and considered as a whole, this incident is really only incidental and does not appear to be of any great moment. Certainly there is nothing in the record to indicate that the jury was inflamed or impassioned by this fleeting reference to the fact that both Valley and Oliver had mug shots on file in the sheriff's office. And, having the advantage of a hindsight look, we now know that the jury acquitted Oliver even though the testimony regarding "mug shots" applied equally to him, as well as Valley. In short, the incident does not require a reversal of this judgment and a retrial of the matter.

We now consider the so-called "clarifying" instruction relating to circumstantial evidence given the jury by the trial court. Counsel for Valley contends that this is a violation of the prohibition contained in C.R.S. 1963,

39-7-19, which statute provides, among other things, that a trial court, after instructions are given, shall not "orally qualify, modify or in any manner explain the same to the jury."

In the instant case after the jury had deliberated some four hours, it sent a note to the trial judge wherein it requested a clarification of the instruction pertaining to circumstantial evidence. The jury was thereupon brought into open court, and the trial court promptly proceeded to "orally clarify" its instruction on circumstantial evidence. Whether the trial court first consulted counsel as to the advisability of embarking upon such a daring venture is not known. However, the record does affirmatively show that counsel for Valley was present and made no objection either to the giving of the clarifying instruction or its content. Not only did counsel for Valley not object to the entire procedure, but when the trial court had concluded its comment counsel for Valley then asked the trial court to once again advise the jury that it should take into consideration "all of the evidence, both of the People and the defendant, as a whole." This the court did, and then concluded by again advising the jury to consider all of the instructions, and not to decide the case solely on any one instruction. As indicated, counsel did not object to the trial court's actions, and acquiesced therein by actively participating in the giving of additional admonitions and warnings to the jury. So, as of that time at least, counsel was apparently completely satisfied with the manner in which the matter had been handled. However, after the verdicts were returned, there was a perhaps understandable change of heart, and in the motion for a new trial it was suggested for the first time that the trial court had indeed committed grievous error in its handling of the matter.

In our view, under the circumstances set out above, the matter could well be resolved on the basis

that counsel failed to observe the "contemporaneous objection" rule. See, for example, *Brown v. People,* 158 Colo. 561, 408 P.2d 981. Both C.R.S. 1963, 39-7-19 and Colo. R. Crim. P. 30 suggest that all objections to instructions should be timely made and specific in nature. This was not done in the instant case and counsel would now have us reverse the judgment on a matter to which he voiced no objection during the course of the trial proper. We conclude that the failure of counsel to object to the clarifying comments of the trial court, coupled with the fact that counsel for Valley was a more or less active participant in this further instructing of the jury, amounts to a waiver of any rights afforded by C.R.S. 1963, 39-7-19.

In our view *Nieto v. People,* 160 Colo. 179, 415 P.2d 531 does not dictate a reversal. In the *Nieto* case the statement purportedly clarifying an instruction of the trial court was made in the *absence* of counsel for the defendant; hence there was no issue of waiver. In the instant case counsel for the defendant *was* present, and in our view waived any statutory prohibition against orally qualifying, modifying or explaining an instruction theretofore given a jury.

■ Finally, it is urged here that the clarifying statement of the trial court concerning circumstantial evidence was not a correct statement of the law and that although there was no contemporaneous objection to the clarifying instruction, we should nevertheless now take cognizance of this particular matter on our own motion. If the clarifying statement were patently wrong we no doubt would consider the matter on its merits, even though timely objection was not made. However, our study of the explanatory statement indicates that though there might be legitimate debate as to whether it accomplished its announced object, namely a clarification of the instruction, nevertheless there was no misstatement of the law.

In his motion for a new trial counsel for Valley for the first time attacked the content of the explanatory comment of the trial court. In this motion it was asserted that the explanation given the jury was inaccurate because "it failed to take into consideration the weight to be given the defendant's testimony and the same being tantamount to instructing the jury to disregard the defendant's evidence and consider only evidence presented by the People." We do not perceive any such defect in the statement of the trial court. The trial court in its statement advised the jury, in effect and in about just so many words, that it was up to them to determine whether the People's witness or the defendant's should be believed and that it was also up to them to determine what were the true facts and circumstances connected with and surrounding the commission of the crime with which the defendant was charged.

As above noted, at the conclusion of the court's comment, counsel specifically asked that the jury be again advised that they should take into consideration all of the evidence, "both of the People and the defendant." The trial court assented thereto and also instructed the jury to "not decide this case solely on this instruction, but you are to read all the other instructions too." Suffice it to say that we do not regard this statement of the trial court to be an incorrect statement of the law requiring a second trial of this matter.

It is to be noted that present counsel for Valley did not represent him upon the trial of this matter. Furthermore, inasmuch as the constitutionality of C.R.S. 1963, 39-7-19 was not raised, we are not here concerned with its constitutionality. Accordingly, nothing contained herein shall be construed as any indication from us that the statute in question — which would restrict the right of a trial judge to clarify, modify or explain instructions — does, or does not, square with either the general separation of powers doctrine or with Article VI, §21 of

the Colorado constitution. Sufficient unto each day is the evil thereof.

The judgment is affirmed.

MR. JUSTICE DAY dissenting,

MR. JUSTICE HODGES not participating.