No. 25197

The People of the State of Colorado v. John Francis Varner
(508 P.2d 390)

Decided March 26, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant appeals from an order revoking his probation. He contends that revocation of his probation was without notice and prior hearing, and therefore violated his constitutional right to due process and equal protection of the law. We affirm the order of the trial court.

On June 20, 1970, defendant entered a plea of nolo contendere to a charge of second-degree burglary and was granted probation for a period of three years. Subsequently, a petition for revocation of his probation was filed on the grounds that defendant had violated his probation, could not be apprehended in the state of Colorado and was presently in the state of Idaho. On February 22, 1971, an order was entered by the trial court forthwith revoking defendant's probation, authorizing the issuance of a warrant for the arrest and return of the defendant to Colorado. Defendant waived extradition and was returned to Colorado. Thereafter, on March 8, 1971, the district court held a hearing on revocation of defendant's probation. Defendant was represented by counsel at that hearing.

The undisputed testimony indicated that, previous to the Idaho violation, on November 25, 1970, defendant had left the state of Colorado without permission from his probation officer and in violation of his probation. Upon his return to Colorado, he was warned that future unauthorized trips would jeopardize his right to remain on probation. Thereafter, on February 10, 1971, the probation officer received a

telephone call from the sheriff's department of Boise, Idaho, informing him that the defendant had been taken into custody in that state and had in his possession illicit drugs. The probation officer then filed the petition for revocation pursuant to which the court order was entered.

The defendant admitted at the hearing that he had gone to Idaho in violation of his probation and had been in possession of the illegal drugs. The court then revoked defendant's probation and sentenced him to the Colorado state penitentiary for a term of not less than three nor more than five years.

Defendant contends that the revocation of his probation as an absconder on February 22, 1971, without a hearing or any prior notice, violated his constitutional rights to due process and equal protection of the laws. In support of his argument he cites *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, in which the United States Supreme Court recently held that due process requires a defendant be given a hearing prior to revocation of parole, at which he shall be allowed to be heard in person, present evidence in his own behalf, and confront and examine adverse witnesses.

We agree with defendant that although *Morrissey, supra,* involved the revocation of parole, the principles it announced apply equally to the revocation of probation. *See: People v. Vickers,* 105 Cal. Rptr. 305, 503 P.2d 1313. We conclude, however, that he can claim no protection under *Morrissey,* since that decision was announced subsequent to the revocation of his probation here, and it applies only prospectively and not retrospectively. In *Morrissey,* the Supreme Court specifically held:

"We have no thought to create an inflexible structure for parole revocation procedures. The few basic requirements set out above, *which are applicable to future revocations of parole,* should not impose any great burden on any State's parole system. * * *" (Emphasis added.)

*See also: Parker v. Cardwell,* 32 Ohio App. 2d 193, 289 N.E. 2d 382; *Rogers v. Hurley,* 486 S.W.2d 696 (Ct. App. Ky. 1972); *People v. Vickers, supra.*

■ Furthermore, it is clear that under the law applicable to defendant at the time his probation was revoked no constitutional right to such a prior hearing existed. *Escoe v. Zerbst,* 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; *Holdren v. People,* 168 Colo. 474, 452 P.2d 28; *Gehl v. People,* 161 Colo. 535, 423 P.2d 332; *Johnson v. Tinsley,* 234 F. Supp. 866, *aff'd,* 337 F.2d 856 (10th Cir. 1964). With our disposition of the issue we do not reach the question of whether there was due process under *Morrissey, supra;* and we do not pass on it.

■ The statute applicable to defendant as an absconding probationer specifically authorized the summary revocation of his probation.

"(3) * * * Whenever there is reason to believe that a condition of probation has been violated and the alleged violator is not in the state or cannot be apprehended in the state, the probation officer shall report such facts to the district court which granted probation and the latter may forthwith revoke such probation and order the arrest and return of such probationer." C.R.S. 1963, 39-16-9.

The procedure followed by the probation officer and the court in the instant case specifically followed that set forth in the statute. We note that the statute has now been changed and specifically authorizes the issuance of a warrant for the arrest of an absconding probationer without summary revocation. Colo. Sess. Laws 1972, ch. 44, § 39-11-207.

■ Finally, we regard the initial summary revocation hearing as being merely preliminary to the evidentiary hearing on revocation. Its purpose was to determine whether good grounds existed to believe that defendant, who had absconded and could not be apprehended in the state, had violated his probation and, if so, to obtain a warrant for his arrest and return to Colorado. *Cf. People v. Vickers, supra.* Once returned to this state, defendant was granted a full evidentiary hearing, at which he was represented by an attorney; was granted the right to confront adverse witnesses and to cross-examine them; and was given the opportunity to testify. He admitted that he had violated the terms of his

probation and that he unlawfully possessed narcotic drugs.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.