## No. 26007

**The People of the State of Colorado v. Debra A. Carr**
(524 P.2d 301)

Decided July 1, 1974.                    Rehearing denied July 29, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Kathy P. Bonham, for defendant-appellant.

MR. JUSTICE GROVES delivered the opinion of the Court.

In an earlier proceeding the defendant pleaded *nolo contendere* to a charge of obtaining narcotic drugs by fraud and deceit. The defendant's sentence was suspended and she was placed on probation for five years.

In this case, after receiving testimony at a probation revocation hearing, the district court found (1) that the defendant had failed to pay supervision costs, (2) that the defendant had used narcotics, and (3) that the defendant had violated the laws of the State of Colorado, all in violation of conditions of the terms of her probation. The court then revoked the defendant's probation and sentenced her to an indeterminate term of imprisonment not to exceed two

years. The defendant appeals the district court's revocation order.

I.

■■ The Attorney General asks that we dismiss the appeal, contending that probation revocation orders are reviewable only via Crim. P. 35(b) and not by direct appeal. We disagree.

■■ C.A.R. 1 provides for the appealability of final judgments of the district court. In the past we have considered probation revocation orders appealable as final judgments, *e.g., People v. Varner,* 181 Colo. 146, 508 P.2d 390 (1973). The Attorney General argues that as of July 1, 1972, Colo. Sess. Laws 1972, ch. 44, § 39-12-101 at 253 prohibits any direct appeal of a probation revocation order. This statute provides that "[e]very person convicted of an offense under the statutes of this state shall have the right of appeal to review the proceedings resulting in conviction." Assuming, *arguendo,* that a probation revocation order is not a "proceeding resulting in conviction," a revocation order would not be appealable as a matter of right under section 39-12-101. However, there is nothing in the statute prohibiting a direct appeal of a probation revocation order under C.A.R. 1.

II.

■■ The defendant first challenges the constitutionality of Colo. Sess. Laws 1972, ch. 44, 39-11-206(3) at 246. Because this issue was not raised in the district court, we will not consider it on appeal. *Valley v. People,* 165 Colo. 555, 441 P.2d 14 (1968), *cert. denied,* 393 U.S. 925, 89 S.Ct. 256, 21 L.Ed.2d 260 (1968).

III.

■■ In the situation where an alleged violation of a condition of probation consists of an offense which is the subject of a pending criminal proceeding, the court has discretion to continue the probation revocation hearing until after the termination of the criminal proceeding. Colo. Sess. Laws 1972, ch. 44, 39-11-206(3) at 246. The defendant argues that the court abused its discretion in failing to continue the probation revocation hearing until after the termination of the criminal proceeding.

■ We agree that it would have been a better practice to continue the revocation hearing until after disposition of the criminal proceeding. *See ABA, Standards Relating to Probation* § 5.3 at 62-64 (1970); *Small v. United States Board of Parole,* 421 F.2d 1388 (10th Cir. 1970). Such a continuance would serve two purposes: (1) it would eliminate the danger of abuses occurring as a result of the informality of the revocation hearing; and (2) it would eliminate any possibility of the defendant being forced to compromise defendant's privilege against self-incrimination.

In this case, however, the defendant has not shown how the failure to continue the hearing prejudiced her. Therefore, we cannot conclude as a matter of law that there was an abuse of discretion.

### IV.

■ *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), established that prior to a parole revocation hearing, the parolee has a right to be informed of the specific parole violations with which he is charged. In *People v. Varner,* 181 Colo. 146, 508 P.2d 390 (1973), we stated that the *Morrissey* principles apply equally to the revocation of probation. The defendant argues that she was denied due process because she was not informed of all the violations of the conditions of her probation that were considered at the hearing.

In this case the defendant was informed of three alleged violations of the conditions of her probation: (1) failure to pay supervision costs; (2) use and illegal possession of narcotics; and (3) an arrest for a new offense. She was not informed of any possible violation of the condition that she should not associate with any person having a criminal record. At the hearing the court *sua sponte* elicited testimony from both of the People's witnesses concerning the defendant's association with a person convicted of a crime. The record shows that the court referred to this possible violation on at least four other occasions.

■ At the close of the hearing and immediately prior to its order revoking probation, the court found that the defendant had violated the three conditions of her probation

of which she had been informed. It made no finding concerning the possible violation of the condition that the defendant should not associate with people having criminal records. The revocation of defendant's probation was predicated upon violations of conditions of her probation of which she had been given notice. Thus, the defendant was not denied due process of law.

V.

■■■ Where an alleged violation of a condition of probation is a criminal offense, the prosecution has the burden of establishing the violation beyond a reasonable doubt. Colo. Sess. Laws 1972, ch. 44, § 39-11-206(3) at 246. In its findings the court stated that the evidence established that the defendant used narcotics to some degree in violation of a condition of her probation. Although the court did not articulate the standard of proof it applied, we think the court is entitled to a presumption that it applied the proper standard.

■■■ The defendant also argues that there was not sufficient evidence to establish beyond a reasonable doubt that she violated the condition of her probation forbiding the use of narcotics.

An officer who searched the defendant's residence testified as follows: That the defendant, one Gail Curtis and Gail's mother lived together in a single family residence; that one plastic baggie of marijuana was found in a boot in the bedroom; that several pipes containing marijuana residue were found in the bedroom; that seven balloons of heroin were found on the person of Gail Curtis; that needles and syringes were found on a headboard and night stand in the bedroom; and that the officer observed several five to seven day old needle marks on one of the defendant's arms. This evidence, together with the reasonable inferences that may be drawn therefrom, was sufficient to allow the court to conclude beyond a reasonable doubt that the defendant has used narcotics, *cf. People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Judgment affirmed.