**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Ray ABILA, Defendant-Appellant.**

**No. 81CA1188.**

Colorado Court of Appeals,
Div. I.

June 23, 1983.

Rehearing Denied July 28, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda Hotes, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Ray Abila, appeals from the imposition of sentence following revocation of his probation. We affirm.

In November 1980, defendant pleaded guilty to attempted robbery, and in April 1981, he was sentenced to two years probation and was given credit for 166 days of presentence confinement.

In July 1981, a revocation petition was filed alleging that defendant had violated the conditions of his probation by failing to establish a residence of record, failing to report, and failing to participate and cooperate fully in an alcohol treatment program. He confessed revocation and his probation was revoked. The court accepted the parties' recommendation to place defendant in community corrections for 90 days with the understanding that if he did satisfactorily in that program, he would be allowed to complete the remainder of his probation. The court indicated, however, that if he did not successfully complete community corrections he would be sentenced and another revocation hearing would not be held.

In October 1981, a report was filed with the court indicating that community corrections was having "difficulties" with defendant, but that he should be afforded one last opportunity. The report also stated that defendant had been arrested on October 3 and charged with possession of a weapon by a previous offender. Because of defendant's "continued anti-social behavior," the report recommended that probation should

be revoked (it already had been) and that defendant should be sentenced to the penitentiary.

At a hearing held in October for early review of defendant's community corrections placement, defense counsel requested a hearing on the allegations of the October report and requested that its recommendations not be acted upon until after the preliminary hearing on the weapon possession charge. The court stated: "He is not being revoked because of the other case. He is being revoked because of his failure to comply and do well in community corrections." The court determined that another revocation hearing would not be held and defendant would be sentenced. The instant hearing was continued, however, to ascertain whether, as defense counsel suggested, community corrections would have "no problem" keeping defendant if he were acquitted of the possession charge.

At the next hearing, defense counsel stated that community corrections would be "happy" to keep defendant if he was acquitted of the new charge. The probation officer expressed his understanding that community corrections would take defendant back if probable cause in support of the weapons charge was not found. The trial court scheduled sentencing for November 3, 1981, despite defense counsel's request that sentencing be deferred until after the trial on the weapons charge.

At the November 3 sentencing hearing, the court noted that under *People v. Carr,* 185 Colo. 293, 524 P.2d 301 (1974), the better practice would generally be to defer sentencing until after the trial on the possession charge, but it ruled the circumstances of the instant case were an exception and did not justify deferral. When defense counsel interposed that the court had not held an evidentiary hearing on the allegations against defendant, the court noted defendant's history of unsatisfactory performance in community corrections, that defendant previously had been advised that an unfavorable review from community corrections would not warrant another revocation hearing, and that probable cause had been found in the preliminary hearing on the possession charge. The court proceeded to sentence defendant to two years in the penitentiary with credit given for 391 days.

■ On appeal, defendant first argues that the court erred in not holding a hearing at which the new charge was proven beyond a reasonable doubt. We disagree.

Defendant had already confessed revocation of his probation. Following revocation, the parties and the court agreed to temporary placement of defendant in community corrections, thereby giving him the opportunity to avoid a penitentiary sentence and regain probationary status by satisfactory performance in community corrections. Therefore, during the period he was in community corrections, defendant was awaiting sentencing on the revoked probation. *See* § 16–11–206(5), C.R.S.1973 (1978 Repl.Vol. 8); § 17–27–105(1)(a), C.R.S.1973 (1978 Repl.Vol. 8).

There is no statutory requirement that the court hold an additional hearing in situations such as are present in the instant case. Moreover, we do not perceive that due process required the holding of an additional hearing. Rather, under the unique procedural setting here in which defendant was temporarily placed in community corrections while awaiting sentencing on his revoked probation, with his misconduct while so placed being a factor in the sentencing determination to be made by the court, it was entirely proper for the court: (1) to consider information supplied by community corrections concerning defendant's performance and his arrest and community corrections' recommendation that a penitentiary sentence be imposed, and (2) to make a determination, without holding a hearing, that defendant had not satisfactorily performed in community corrections. Consideration of such information and its effect falls within the broad discretion given to

the sentencing court and due process did not require that defendant be given an opportunity to refute such information or have the new charge proven beyond a reasonable doubt prior to sentencing. *Cf. Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *People v. La Plant,* 670 P.2d 802 (Colo.App.1983) (sentencing court may consider, *inter alia,* charges dismissed at time of plea).

■ Defendant also argues, relying on the rationale of *People v. Carr, supra,* that the court should have continued sentencing until after the trial on the weapon possession charge. We find no error.

■ Even if we assume that the rationale of *Carr,* which involved continuation of a *revocation hearing,* is applicable to the unique procedural setting present here, continuation is discretionary. *People v. Ray,* 192 Colo. 391, 560 P.2d 74 (1977); *People v. Carr, supra.* And, when such a continuance is denied, the trial court will not be held to have abused its discretion unless the defendant demonstrates prejudice resulting from the failure to continue. *People v. Carr, supra.* In light of defendant's subsequent plea of guilty to the weapon possession charge, he has failed to establish prejudice. *See People v. Ray, supra; People v. Carr, supra.*

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.