**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**George VAN DEUSEN, Defendant-Appellant.**

**No. 83CA0013.**

Colorado Court of Appeals, Div. I.

Sept. 8, 1983.

Rehearing Denied Oct. 20, 1983.

Certiorari Denied Feb. 6, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant's deferred sentence was revoked after a contested hearing at which the trial court found, by a preponderance of the evidence, that defendant had violated a condition of his deferred sentence which provided that defendant not commit any criminal offenses. Thereafter, the court imposed a sentence of two years plus one year of parole, which defendant has served. Nevertheless, defendant contends that, since only criminal offenses were alleged as the basis for the motion for revocation, the trial court should have applied a test of "beyond a reasonable doubt." We agree.

In *People v. Anzures*, 670 P.2d 1258, (Colo.App.1983) we held:

"Section 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8) gives a defendant in a de-

ferred sentencing matter the same procedural safeguards contained in revocation of probation hearings. Section 16–11–206, C.R.S.1973 (1978 Repl.Vol. 8); *see also* Crim P. 32(g).... Further, § 16–11–206 provides that the burden on the prosecution shall be by a preponderance of the evidence 'except that the commission of a criminal offense must be established beyond a reasonable doubt unless the probationer has been convicted thereof in a criminal proceeding.' "

Here, no proceedings on the defendant's alleged further criminal conduct had occurred. Therefore, the court should have applied the reasonable doubt standard in the revocation hearing. *Adair v. People,* 651 P.2d 389 (Colo.1982), relied on by the trial court, is not applicable to the facts here, since the acts resulting in deferred sentence revocation there did not constitute criminal offenses.

Accordingly, the judgment of conviction is reversed and the cause is remanded with directions that the trial court vacate defendant's conviction.

PIERCE and BERMAN, JJ., concur.