The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Alva Allen HARRISON, Defendant–Appellant.

No. 87CA0790.

Colorado Court of Appeals, Div. II.

Jan. 5, 1989.

Rehearing Denied Feb. 16, 1989.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

REED, Judge.

Defendant, Alva Allen Harrison, appeals from a judgment of the trial court revoking his placement in a community corrections facility for violation of a condition of that sentence. We affirm.

Defendant was sentenced to a term of three years in a community corrections facility as a result of his conviction for theft of rental property. Subsequently, defendant was ordered to show cause why the sentence to the community corrections facility should not be revoked based upon a violation of the conditions of his sentence by his alleged commission of attempted theft. Following a hearing, the trial court found the prosecution had proved beyond a reasonable doubt that the defendant committed the offense of attempted theft and resentenced the defendant to three years in the custody of the department of corrections.

■ On appeal, defendant first contends the evidence was insufficient to prove beyond a reasonable doubt that he violated the conditions of his community corrections placement. We rule that in this proceeding conducted before resolution of the criminal charge the reasonable doubt standard was applicable, and further conclude that the evidence was sufficient under that standard to support the trial court holding.

A defendant is entitled to a hearing under § 17–27–114, C.R.S. (1986 Repl.Vol. 8A) before his community corrections placement can be revoked because of an alleged violation of a rule or condition of placement. *Wilson v. People*, 747 P.2d 638 (Colo.1987).

Although § 17–27–114, C.R.S. (1986 Repl. Vol. 8A) is silent as to what burden of proof must be met in revocation proceedings concerning community corrections, *Wilson v. People, supra,* referred to § 16–11–206(3), C.R.S. (1986 Repl.Vol. 8A) as "setting forth a similar burden of proof" for probation revocation proceedings. It held the People should have the burden of proving the alleged violation of a noncriminal nature by a preponderance of the evidence.

However, under the analogous statute governing probation revocation proceedings, § 16–11–206(3), C.R.S. (1986 Repl.Vol. 8A), the prosecution has the burden of establishing the commission of a criminal offense beyond a reasonable doubt unless the probationer has been convicted thereof in a criminal proceeding. *See also People in Interest of C.B.,* 196 Colo. 362, 585 P.2d 281 (1978); *People v. Carr,* 185 Colo. 293, 524 P.2d 301 (1974); *People v. Van Deusen,* 677 P.2d 402 (Colo. App.1983).

Although commitment in a community corrections facility is distinguishable from probation, *see Wilson v. People, supra* (Erickson, J. dissenting), we conclude that when community corrections placement is revoked because of the commission of a subsequent criminal offense, the prosecution shall have the burden of proving the commission of the offense beyond a reasonable doubt if conviction for the offense has not yet taken place.

Here, the trial court's findings and conclusions are supported by the evidence in the record. Applying the test of *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973), we conclude the evidence was sufficient to support the trial court's conclusion that the defendant was guilty beyond a reasonable doubt of attempted theft, thereby justifying the revocation of his placement in a community corrections facility.

 Next, defendant asserts the trial court erred by holding the revocation hearing prior to resolution of the underlying criminal charge.

In a probation revocation context, it is the better practice to continue the probation revocation hearing until after the trial on the new charges, but the decision lies within the discretion of the trial court. *People v. Ray*, 192 Colo. 391, 560 P.2d 74 (1977); *People v. Carr, supra.* Such a procedure eliminates the danger of abuses occurring as a result of the informality of the revocation hearing and eliminates any possibility of the defendant being forced to compromise his privilege against self-incrimination. *People v. Carr, supra.* We conclude the same practice should apply to a proceeding to revoke placement in a community corrections facility. Nevertheless, we find no abuse of discretion here by the trial court's decision to proceed with the hearing before disposition of the criminal charge. *See People v. Abila*, 670 P.2d 432 (Colo.App.1983).

Here, the record reflects that defendant failed to object in the trial court to the revocation hearing being held prior to the resolution of the underlying criminal charge. To the contrary, defendant sought the speedy resolution of the revocation proceeding. Moreover, the record does not indicate that the prosecution has pursued the attempted theft charge by any other proceeding. Under these circumstances, the defendant has not shown how the failure to continue the hearing prejudiced him.

JUDGMENT AFFIRMED.

SMITH and HODGES,* JJ., concur.