Michael Bryan **BOOTHE**, Petitioner,

v.

The **PEOPLE** of the State of Colorado, Respondent.

No. 90SC377.

Supreme Court of Colorado, En Banc.

July 9, 1991.

---

David F. Vela, State Public Defender, Katherine Campbell, Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

The defendant, Michael Bryan Boothe, was convicted in the Larimer County District Court of sexual assault on a thirteen-year-old female, J.C., in violation of section 18-3-405, 8B C.R.S. (1986). The court of appeals affirmed the conviction in *People v. Boothe*, No. 87CA0796 (Colo.App. Apr. 19, 1990) (an unpublished opinion), rejecting the defendant's contention that the trial court erred by failing to respond adequately to a question posed by the jury during its deliberations. We granted certiorari to review the decision of the court of appeals, and now affirm.

## I.

The evidence presented at trial established the following facts. At approximately 6:30 p.m. on January 8, 1987, the defendant, who was twenty-one years old, and his seventeen-year-old male cousin, L.C., met three teenage females, all under fifteen years of age, in a department store parking lot. One of the females, J.C., was L.C.'s girlfriend at that time. The defendant, L.C., and the females discussed various plans for the evening and finally agreed to purchase some liquor and then "party" in a hotel room. Using L.C.'s car, the group drove to a liquor store where the defendant purchased a case of beer. They then proceeded to the Rosebud Motel, where they rented a room for the evening. The testimony at trial varied as to what transpired in the motel room.

One of the females, R.M., testified that J.C. had sexual intercourse with the defendant once and with L.C. several times. R.M. denied having sexual intercourse with the defendant or L.C. that evening. The second female, T.S., testified that she saw the defendant in bed with J.C., but she could not tell if they had sexual intercourse. T.S. also testified that neither she nor L.C. had sexual intercourse with anyone the entire night. J.C. testified that she had sexual intercourse with the defendant once, but that she did not have sexual intercourse with L.C. that evening. She also testified that both T.S. and R.M. had sexual intercourse with L.C. The defendant admitted that he spent the night in the motel room and slept in the same bed with J.C., but denied having sexual contact with any of the females. The defendant testified that L.C. engaged in sexual intercourse with all three females.

The prosecution charged the defendant with sexual assault on a child based on his alleged sexual contact with J.C., but elected not to charge the defendant with complicity related to any crimes L.C. may have committed. L.C. was returned to California as a juvenile escapee and was not charged in this case. Accordingly, the jury was not given an instruction on complicity. The trial court instructed the jury that the crime of sexual assault on a child consisted of "knowingly subjecting another, not the defendant's spouse, to any sexual contact, when the other person was less than fifteen years of age and when the defendant was at least four years older than that person." "Sexual contact" was defined as "knowingly touching of [sic] the victim's intimate parts by the actor, or of the actor's intimate parts by the victim." "Intimate parts" was defined as "the external genitalia or the perineum or the anus or the pubes of any person."

During its deliberations, the jury sent a note to the judge asking, "Can one be

judged guilty by association?" The judge contacted the prosecutor and defense counsel by telephone and informed them of the contents of the note. Both counsel were asked if they had any suggestions. According to the judge's affidavit,[1] the judge suggested that the appropriate response "may well be to simply advise the jury to read the instructions," and the prosecutor and defense counsel agreed. The judge responded to the jury's question by stating, "Please read the instructions."

The jury returned a guilty verdict and the defendant was sentenced to a prison term of five years. In affirming the defendant's conviction, the court of appeals distinguished, on two grounds, this court's decision in *Leonardo v. People*, 728 P.2d 1252 (Colo.1986), in which we held that the trial court erred by failing to obtain the defendant's presence during proceedings to determine an appropriate response to the jury's question and by directing the jury to reread the instructions. The court of appeals' first basis of distinction was that the requirements of *Leonardo* were not implicated because the jury's question about guilt by association was not an issue in this case. Second, unlike *Leonardo*, defense counsel was consulted and concurred in the court's response to the jury's question. The court of appeals concluded that the judge's response did not amount to plain error because it was not an incorrect statement of the law.

## II.

The defendant argues that the jury's question concerning complicity indicated that the jury did not understand a matter of law central to the determination of the defendant's guilt or innocence. The defendant contends that the trial court committed reversible error by not further instructing the jury that the defendant could not be guilty by association.

In *Leonardo v. People*, 728 P.2d 1252 (Colo.1986), the defendant, Leonardo, was charged with theft by receiving and conspiracy to commit theft by receiving. During its deliberations, the jury sent the judge a note asking, "Is Knowing or Believing in instruction Number 6 The Same as Having a Suspicion of?" The judge, without consulting counsel for either side or informing Leonardo, responded to the jury's question by directing them to reread the instructions. In his appeal to this court, Leonardo contended that the trial court had committed two errors in its response to the jury's question: first, that the trial court's response to the jury's question was inadequate; second, that the trial court failed to consult counsel or the defendant before deciding upon the appropriate reply to the jury's question.

In *Leonardo*, we applied Standard 15–4.3(a), *ABA Standards for Criminal Justice* (2d ed. 1980),[2] in determining when a trial court was required to provide the jury with additional instructions in response to a question. We held that the trial court com-

---

1. While the case was pending on appeal in the court of appeals, the defendant sought a limited remand to develop the record. The limited remand was granted. The prosecutor and defense counsel agreed to supplement the record with affidavits from the defendant, defense counsel, the court reporter, and an affidavit and order from the trial judge. The trial judge's order and affidavit states in relevant part:

   Upon receiving the note from the jurors, the Court contacted trial counsel and advised of the contents of the note. Counsel were asked if they had any suggestions or requests as to how to respond. I believe I did suggest that the appropriate response may well be to simply advise the jury to read the instructions. Both trial counsel had no other requests or suggestions and did agree that the appropriate response would be to advise the jury to read

   the instructions. Upon consent of counsel to this response, the jury was so advised.

2. Standard 15–4.3(a) provides:

   (a) If the jury, after retiring for deliberation, desires to be informed on any point of law, they shall be conducted to the courtroom. The court shall give appropriate additional instructions in response to the jury's request unless:

   (i) the jury may be adequately informed by directing their attention to some portion of the original instructions;

   (ii) the request concerns matters not in evidence or questions which do not pertain to the law of the case; or

   (iii) the request would call upon the judge to express an opinion upon factual matters that the jury should determine.

mitted prejudicial error by directing the jury back to the original instructions when the jury's confusion related to a matter of law central to the guilt or innocence of the defendant and none of the exceptions listed in Standard 15–4.3(a) applied. Prejudicial error was also found with regard to the trial court's failure to obtain the presence of defense counsel to permit defendant's counsel an opportunity to be heard before the judge responded to the jury's question. We held that it was "constitutional error for a trial judge to respond to an inquiry from a jury without first making reasonable efforts to obtain the presence of the defendant's counsel." *Leonardo*, 728 P.2d at 1257.

In *People v. Alexis*, 806 P.2d 929 (Colo. 1991), we reviewed an issue similar to the one presented in *Leonardo*. In *Alexis*, the prosecutor and defense counsel entered into a stipulation regarding a witness's statement. At the conclusion of the trial, the jury was given instruction No. 19, which explained the stipulation.[3] During the course of its deliberations, the jury sent a note to the judge asking, "On the stipulation, did the defendant knowingly agree to the stipulation as indicated in instruction #19?" The trial judge entertained a number of suggestions from both counsel on how to respond to the jury's question, and then instructed the jury to reread the original instructions.

As an initial matter, we noted that "the question from the jury did not relate to the law of the case, but to the extent and meaning of the evidence set forth in the stipulation," *Alexis*, 806 P.2d at 931, whereas in *Leonardo*, the jury's question indicated that "the jury misunderstood the applicable legal standard," *Leonardo*, 728 P.2d at 1254. We then applied Standard 15–4.3(a) and determined that the jury's question fell within the exceptions listed in Standard 15–4.3(a). The jury's question related to a matter that was explained in the instructions and could be answered by re-

ferring back to instruction No. 19 and the stipulation. *See* Standard 15–4.3(a)(i). Moreover, providing the jury with additional instructions would have been contrary to Standard 15–4.3(a)(ii) and (iii), and would have required the trial judge to express "an opinion both on a matter not in evidence (the truth of the stipulation), and a factual matter that was properly determinable by the jury." *Alexis*, 806 P.2d at 932. The distinguishing factor between *Alexis* and *Leonardo* is that in *Alexis* the jury's question concerned a factual issue and did not involve a matter of law central to the guilt or innocence of the defendant. Accordingly, we held that, pursuant to Standard 15–4.3(a), the trial judge acted properly in directing the jury to reread the original instructions.

### III.

The People argue in this case that the trial judge's response to the jury's question was appropriate because the jury "could be adequately informed by directing their attention to ... the original instructions." *See* Standard 15–4.3(a)(i). We agree.

The instructions given to the jury referred only to the charge against the defendant of sexual assault on a child. The instructions stated that the defendant had to knowingly subject another to sexual contact to commit the offense and that sexual contact required a touching of the victim by the actor. The defendant was never charged with complicity, the prosecution never presented any evidence on complicity, and the instructions did not contain any reference to complicity. Contrary to the situation presented in *Leonardo*, it was apparent in this case that referring the jury back to the original instructions would "answer the jury's inquiry." *Leonardo*, 728 P.2d at 1255. Also, the jury's question about guilt by association was an abstract question which did not pertain to the law of the case. *See* Standard 15–4.3(a)(ii). If the

---

3. Instruction No. 19 provided:
    The prosecution and the defendant have stipulated to certain facts in this case, and you were so instructed about these stipulations during the trial. A stipulation renders unnec-

essary the presentation of any evidence to prove those facts, and the jury must regard those facts as conclusively proved. The effect of a stipulation is to make the stipulated facts true for purposes of the trial.

judge had instructed the jury on complicity, he would have gone beyond the instructions presented to the jury and expressed an opinion on a matter not in evidence. *Id.*

"Absent a contrary showing, it is presumed that the jury understood and heeded the trial court's instructions." *Leonardo,* 728 P.2d at 1255. There was no showing that the jury did not understand the court's instructions in this case. The jury's question concerning guilt by association did not indicate that the jury misunderstood "an element of the offense charged or some other matter of law central to the guilt or innocence of the accused." *Id.* at 1256. Accordingly, the trial court was not required to give additional instructions on an issue that did not concern an element of the offense charged and was not central to the guilt or the innocence of the defendant.[4]

The judgment of the court of appeals is affirmed.

LOHR, J., concurs in part, dissents in part, and concurs in the judgment, and QUINN and MULLARKEY, JJ., join in the concurrence, dissent, and concurrence in the judgment.

Justice LOHR concurring in part, dissenting in part, and concurring in the judgment:

The majority holds that the trial judge properly responded to the jury's question whether the defendant could be found "guilty by association" by simply referring the jury back to the original instructions. The majority reasons that the instructions made it clear that the defendant could be found guilty of sexual assault on a child only if he himself made the prohibited contact. I cannot agree that the instructions are free from ambiguity on this point or that a reference to the original instructions would be sufficient to dispel the jury's confusion about an issue so central to the determination of the defendant's guilt. I concur in the affirmance of the judgment of conviction, however, because defense counsel was fully advised and acquiesced in the court's response to the jury's question.

### I.

The defendant, Michael Bryan Boothe, was charged with sexual assault on a child,[1] based upon an incident that occurred in January 1987. Although substantial evidence was introduced at trial concerning alleged sexual contact between the victim and L.C.—a seventeen-year-old male in the company of Boothe—Boothe was tried solely on the basis of his own conduct and not on the basis of complicity in L.C.'s conduct.[2]

Jury Instruction No. 10 set out the following elements of the crime of sexual assault on a child:

1. That the *defendant,*

2. in the State of Colorado, at or about the date and place charged,

3. knowingly

   a. subjected another, not his or her spouse,

   b. to any sexual contact, and

4. that person was less than fifteen years of age, and

---

**4.** The prosecution, on appeal, presented the question of whether defense counsel waived any objection to the supplemental instruction by failing to raise it at trial. *See Valley v. People,* 165 Colo. 555, 441 P.2d 14, *cert. denied,* 393 U.S. 925, 89 S.Ct. 256, 21 L.Ed.2d 260 (1968). Because of our resolution of this case under Standard 15–4.3(a), we need not reach this issue.

**1.** § 18–3–405, 8B C.R.S. (1986).

**2.** § 18–1–603, 8B C.R.S. (1986), defines what is commonly known as complicity as follows:

A person is legally accountable as principal for the behavior of another *constituting a criminal offense* if, with the intent to promote or facilitate the commission of the offense, he

aids, abets, or advises the other person in planning or committing the offense.
(Emphasis added.) Complicity is not a separate crime but merely a theory by which one person becomes accountable for a criminal offense committed by another. *People v. Thompson,* 655 P.2d 416, 418 (Colo.1982). It is not necessary to charge complicity separately or specifically. *Id.* at 417, 418. Under the evidence, however, it appears that L.C.'s conduct was not shown to have constituted the criminal offense of sexual assault on a child, for in absence of evidence of his birth date it could not be determined that he was at least four years older than the thirteen-year-old victim. *See* § 18–3–405.

5. the defendant was at least four years older than that person,

6. at the time of the *commission of the act.*

(Emphasis added.) "Sexual contact" was defined by Jury Instruction No. 12 as

the knowingly touching of the victim's intimate parts by the *actor*, or of the *actor's* intimate parts by the victim, or the knowingly touching of the clothing covering the immediate area of the victim's or *actor's* intimate parts if that sexual contact can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse.

(Emphasis added.)

During deliberations, the jury sent a note to the trial judge, asking "Can one be judged guilty by association?". The judge's affidavit in the supplemental record prepared on limited remand reflects that the judge, upon receiving the note from the jury, contacted the trial counsel and advised them of the contents of the jury's note. The judge asked counsel if they had any requests or suggestions as to how to respond, and then suggested that the appropriate response "may well be to simply advise the jury to read the instructions." According to the judge's affidavit, "[b]oth trial counsel had no other requests or suggestions and did agree that the appropriate response would be to advise the jury to read the instructions." After receiving consent by counsel, the judge wrote on the jury's note "Please read the instructions" and returned the note to the jury. The jury found Boothe guilty of sexual assault on a child.

## II.

The majority concludes that it was apparent that referring the jury back to the original instructions would answer the jury's inquiry and would adequately advise the jurors that Boothe could not be convicted based on complicity in L.C.'s conduct. *See* maj. op. at 375. I find the instructions somewhat ambiguous on this issue. The jury was instructed that as an element of the offense the defendant must knowingly subject another to sexual contact.

(Instruction No. 10). Sexual contact was defined as contact with "the actor." (Instruction No. 12). Nowhere is "actor" defined to be *the defendant.* Thus, the instructions leave open the possible interpretation that Boothe could be found guilty if he subjected the victim to sexual contact with L.C.—"the actor."

Even if the jury instructions were not ambiguous in this respect, the inquiry by the jury indicates uncertainty concerning the elements of the crime as set forth in the instructions. The obvious concern of the jury was whether the defendant could be held responsible for the acts of L.C. This is a central issue of criminal responsibility, not, as the majority characterizes it, "an abstract question which did not pertain to the law of the case." *See* maj. op. at 375. Nor did the question call for "an opinion on a matter not in evidence." *See id.* There was extensive evidence of L.C.'s conduct.

The jury disclosed its uncertainty *after* having received the allegedly clear instructions. Mere reference to the same instructions that elicited this misunderstanding is inadequate, at least in the absence of consent by counsel. In *Leonardo v. People*, 728 P.2d 1252 (Colo.1986), we stated that "[a] jury should be referred back to instructions only when it is apparent that the jury has overlooked some portion of the instructions or when the instructions clearly answer the jury's inquiry." *Id.* at 1255. At the very least, if the trial court believes that a portion of the instructions clearly answers the jury's inquiry, the trial court should refer to the specific instruction that does so. *See People v. Alexis*, 806 P.2d 929, 931–32 (Colo.1991) (holding adequate the trial court's response to a jury inquiry concerning the meaning of a stipulation referred to in Instruction No. 19—"Both the stipulation and Instruction No. 19 mean what they say and no more. Please refer to them again.").

## III.

I believe, nevertheless, that the agreement by defense counsel in this case to the response by the trial court to the jury's

inquiry prevents Boothe from now asserting error. *Leonardo* and *Alexis* are distinguishable from the present case on this basis. In *Leonardo*, the judge answered the jury's question without giving defense counsel notice or opportunity to object. In *Alexis*, defense counsel vigorously objected to the content of the court's answer to the jury question and proposed a different response, which the court rejected.

In *Valley v. People*, 165 Colo. 555, 559–62, 441 P.2d 14, 16 (Colo.1968), *cert. denied*, 393 U.S. 925, 89 S.Ct. 256, 21 L.Ed.2d 260 (1968), we held that failure by defense counsel to object to both the content of a clarifying instruction given by the trial court and the presentation of the instruction orally in response to a jury inquiry, coupled with his active participation in obtaining a supplemental instruction, waived any right to assert error.[3] *Cf. People v. Aalbu*, 696 P.2d 796, 810 (Colo.1985) (Failure of a trial court to instruct on a lesser included offense in absence of a request by the defense is not plain error, for it may be assumed that the decision not to request such an instruction was based upon an election to take a chance on outright conviction or acquittal of the principal charge rather than provide the jury with an opportunity to convict of a lesser offense.); *People v. Paris*, 182 Colo. 148, 151–52, 511 P.2d 893, 895 (1973) (same, in absence of request by prosecution).

In *Valley* we found it persuasive that Crim.P. 30 requires that objections to instructions be made prior to presentation to the jury and that only the grounds raised by objection may form a basis for review. *Valley*, 165 Colo. at 561, 441 P.2d at 16. We concluded that failure to object to a clarifying instruction, when given an opportunity to do so, waives any right to assert error on appeal unless the error so misstated the law as to constitute plain error. *Id.; see generally* Crim.P. 52(b) (defining plain error); *Wilson v. People*, 743 P.2d 415, 419–20 (elaborating on that definition).

Moreover, in *People v. Zapata*, 779 P.2d 1307 (Colo.1989), we held that the doctrine of invited error precluded a defendant from objecting on appeal to the legal sufficiency of a jury instruction drafted and tendered by the defense. In *Zapata*, the majority stated that "[w]e do not approve the assertion of error on appeal by the very party who injected that error into the trial." 779 P.2d at 1310. Although I am not persuaded that the doctrine of invited error should apply absent active participation by the defense counsel in drafting the response (*see, e.g., Zapata*, 779 P.2d at 1308–09 (invited error applies when offending instruction is proposed by the defendant); *People v. Collins*, 730 P.2d 293, 304–05 (Colo.1986) (invited error applies when defendant objected to an instruction he later asserts should have been given)), I am convinced by the concerns raised in *Zapata* and *Valley* that under the facts of this case, acquiescence by defense counsel in the trial court's response precludes assertion of error.[4] Although the instructions given to Boothe's jury are somewhat ambiguous, they do not misstate the law. Under these circumstances, the decision of defense counsel to agree to the proposed response was properly within the scope of counsel's discretion as a matter of trial strategy.

For the foregoing reasons, I concur in part, dissent in part, and concur in the judgment of the court.

QUINN and MULLARKEY, JJ., join in this concurrence and dissent and concurrence in the judgment.

---

**3.** *Valley v. People* involved an assertion that an oral clarifying instruction was prohibited by statute. 165 Colo. at 559–60, 441 P.2d at 16.

**4.** I continue to adhere to the view that the issue whether invited error requires reversal should be addressed on a case-by-case basis. *See Zapata*, 779 P.2d at 1312 (Lohr, J., specially concurring).